JUNE TERM, 1838.

Lane & McCabe
v.
Charless.

---

## Lane & McCabe v. Charless.

The supreme court has no power to grant injunctions.

B. *Mullanphy*, counsel for applicants:

1. It may be assumed from the authorities cited, that an injunction is parcel of chancery or equity jurisdiction.

2. That all original jurisdiction in civil cases, and especially in equity or chancery cases, has been given to the general assembly for the purpose of distributing the same. That the general assembly hath, by statutory enactment, made the distribution, and in so doing, has given to this court the original jurisdiction in this case.

3. It may be assumed that the writ of injunction is an original remedial writ, and that the power to grant such original remedial writ has been given to this court—vide 9th and 10th sec. art. 5, State Constitution; Mo. Stat. p. 32, sec. 1 and 2; Constitution, art. 5, sec. 2 and 6.

*Primm & Drake*, counsel for Jos. Charless:

Art. 5. sec. 1. State Constitution, provides that the judicial power, as to matters of law and equity, shall be vested in a *supreme court*, in a *chancellor*, in *circuit courts*, and in such other inferior tribunals as the general assembly may from time to time ordain.

Sec. 2. The supreme court, except in cases otherwise directed by this constitution, shall have *appellate jurisdiction only*.

| 5 | 285 |
|---|---|
| 45a | 561 |
| 5 | 285 |
| 55a | 181 |
| 5 | 285 |
| 145 | 594 |
| 5 | 285 |
| f153 | 110 |

JUNE TERM,        Sec. 3.   The supreme court shall have power to issue
1838.        *writs* of *habeas corpus, mandamus, quo warranto, certio-*
             *rari, and other original remedial writs,* and  to hear and
Lane & McCabe determine the same.

v.              It is evident that, under the first section of the 5th ar-
Charless.    ticle, the power claimed cannot be derived.   Its phrase-
             ology is not such as to give judicial power as to matters
             of law *and* equity to each of the courts therein men-
             tioned.

By the 2d sec. the jurisdiction of the supreme court is declared to be *appellate only,* except in cases otherwise directed by the constitution.

It is conceived that the amendments to the constitution have not changed this state of things.

The first section abolishes the office of chancellor, and declares that the supreme court and *circuit* courts, shall exercise chancery jurisdiction.

The 2d section declares that the judicial power, as to matters of law and equity, shall be vested in a supreme court, &c.

The defendant contends that the jurisdiction is *concurrent* only with that of the circuit court, which court has already refused the prayer of the petitioners.   The matter is, therefore, *res adjudicata.*

McGirk, Judge, delivered the opinion of the court.

Lane and McCabe  made a motion to this court for an injunction to restrain Charless from doing certain things stated in their bill of complaint.   The bill is produced, and notice to the opposite party has been admitted. Messrs. Primm & Drake, of counsel for the defendant, Charless, oppose the motion on the ground that the granting an injunction by this court, is the exercise of original jurisdiction by this court, and that by the constitution of the State, this court cannot exercise original jurisdiction in any case, unless in cases expressly or impliedly provided for by the constitution, and that this case is not one of them.   In considering this matter, two questions arise.   The first is, what is the exercise of original jurisdiction?   The word imports that, when the case or point is first passed on judicially, or by a judicial officer, in such manner that the act done by such court or officer is of legal binding force on the rights of the parties, temporarily or perpetually, such act is original, and it is judicial, because it is done by a judicial officer, and has the binding force of a judgment as long as it is

in force. To hear a bill in chancery—to deliberate thereon sufficiently, to be satisfied or not whether an injunction ought or ought not to be granted, is a judicial investigation; and if the supreme court, or a judge thereof, do this for the first time, it cannot be said to be in any sense whatever the exercise of any appellate jurisdiction. If the act be judicial at all, then it must be an original judicial act.

I will now proceed to inquire whether the supreme court, or any of the judges thereof, can constitutionally exercise this power. The first sec. of the 5th art. of the State constitution declares: "The judicial power, as to law and equity, shall be vested in a supreme court, *in a chancellor*, in circuit courts, and such inferior tribunals as the general assembly may from *time to time* ordain and establish." By this section the judicial power is vested in three several courts in mass. The 3d sec. proceeds to deal out to each court its portion of this judicial power.

The section addresses itself to the supreme court, and says the supreme court, except in cases otherwise directed by this constitution, shall have appellate jurisdiction *only*. It is most apparent then that, but for the exceptions, this court would have no original jurisdiction at all. Now what are the exceptions? They are all found in the 3d sec., and they are: 1. That the supreme court shall have a general superintending control over all inferior courts of law. This power may, I have no doubt, sometimes require the exercise of original jurisdiction, and sometimes the power may be used in the exercise of appellate power, as in cases of appeals and writs of error. But my opinion rather is, that the first of the section is a general grant of power, and that the balance is a specification of the instances and the mode. The first instance is a habeas corpus—this requires the exercise of original jurisdiction; the second is a mandamus; the third a quo warranto, and the fourth is a certiorari; all in general requiring the exercise of original jurisdiction; and also, the supreme court shall hear and determine the same, although the matters of them respectively may never have been adjudicated on in any court before. It seems to me, upon a view of the constitution thus far, impossible to suppose this court exercises any original jurisdiction other than those in the instances enumerated, unless such power is to be exercised under the general words in the conclusion of the section, which are: "the court *shall* have power to issue, hear and determine

<div style="margin-left: auto;">

JUNE TERM, 1838.

Lane & McCabe
v.
Charless.

The supreme court has no power to grant injunctions.

</div>

other original remedial writs." What can those other writs be? To bring them under the clause, they must be both original and remedial.

I consider a writ of *prohibition*, as known at common law, one instance under the general words; for, as I understand the objects and nature of that writ, the court can, from its organization, both hear and determine the writ.

But can a writ of injunction be another instance? I think it cannot. And why? First: because it is not an original writ, but is judicial in its beginning and object. The distinction between writs that are original and judicial, is this: that it is original when it commences a suit or legal proceedings, and that it is judicial when it rests on some judgment or sentence of the law found or determined by a court or judicial officer. Now, in the case of an injunction, it can never be the first step in a cause: first, the bill; then the summons in chancery to the adverse party; then the bill must have the judgment of some court or judge that the plaintiff has endured wrong from the defendant before the writ of injunction can issue. It therefore issues on this judgment. Now whether this judgment or opinion is made with a view to grant the injunction in the first instance, or to make it perpetual, I think there can be no difference. It is in both instances an exercise of original jurisdiction, and the injunction is, in both cases, founded on this exercise of original judgment.

For these reasons, I conclude the writ of injunction wants the quality of being an original writ, though I admit it is remedial. So stands the case without the amendments to the constitution. But it is contended by Mr. Mullanphy, of counsel for the applicants, that by the amended constitution this court has the power. I will now examine that matter.

The first section of the amendments declares the office of chancellor is thereby abolished, and the supreme court and circuit courts shall exercise chancery jurisdiction in such manner and under such restrictions as shall be prescribed by law. This section abolishes the office of chancellor. If the amendment had stopped here, yet by the old constitution, the supreme court and circuit courts had in them the power of chancery business; yet I conclude the reinvestment of the equity powers in these courts, accomplished nothing more than to make it more certain that none abided anywhere else. The words "to be exercised in such manner and under such restrictions

as may be prescribed by law," surely are not intended to touch the question of appellate or original jurisdiction. "'To be exercised in such manner:" this respects the mode in which the two courts, one being appellate and the other of original jurisdiction, shall do the business. It is also subject to "those restrictions that may be imposed by law." To give the power to grant injunctions to the supreme court, is no restriction on either court; but to require security to be given by a party obtaining the same, is a restriction of the general power of the circuit court to grant injunctions.

The second section of the amendments is, in my opinion, nothing more than a declaration restricting the power as granted by the old constitution, leaving out the chancellor.

From the foregoing, I am of opinion that the supreme court cannot, nor can any judge thereof, grant an injunction. There is great reason, if the matter be doubtful, why the power should not be exercised by the court or the judges. It is a matter of importance that, when the cause comes before the judges, they should have no previous opinions to be removed. It is of consequence that the court and judges should be without any opinion when the cause is to be argued in the supreme court. This cannot be, if it be true that the judges shall grant an injunction.

My opinion then is, that the motion be overruled. The other judges concurring, it is overruled.