MINER *vs.* BURLING.

In a proceeding before a justice of a district court, in the city of New York, by a landlord against his tenant, under the statute relative to summary proceedings to recover the possession of land, the justice has no power to summon talesmen, to form a jury.

The proceeding is entirely statutory, and must be conducted in strict accordance with the provisions of the law.

CERTIORARI to the justice of the district court of the city of New York for the fifth judicial district, to remove proceedings had before him, under the statute relative to summary proceedings to recover the possession of land, for the removal of Michael J. Miner from certain premises alleged to have been held over by him after the expiration of his term as tenant of William J. Burling.

*By the Court,* BONNEY, J. By the return to the certiorari, issued in this case to the justice of the fifth judicial district of the city of New York, it appears that Burling, as landlord, instituted summary proceedings against Miner, as tenant, to recover possession of premises, which, it was alleged, the tenant held over after the expiration of his term. The tenant appeared and filed an affidavit (which is not returned) and the matters controverted were tried by a jury.

The affidavit on which the summons was issued is loosely drawn, but may, I think, upon a very liberal construction, be deemed sufficient to give jurisdiction. The only issue tried

appears to have been whether or not the premises were let to Miner for a year. The testimony was somewhat contradictory, and certainly left the question not free from doubt, but the finding of the jury cannot be disturbed on that ground.

It appears that, on the return of the summons, the tenant filed his affidavit and demanded a jury. The justice thereupon issued his precept, commanding twelve persons therein named to be summoned to try the matters in difference between the parties. Of the persons so summoned and appearing, only three were found free from objection, and qualified to act as jurors in this matter, and thereupon, on the order of the justice, *three "talesmen"* were summoned and sworn, (the tenant objecting) and sat on the trial. The tenant now insists that the justice had no power to summon talesmen to form a jury; that the trial was irregular, and illegal, and the warrant, issued on the verdict of the jury, was unauthorized by law and void.

This proceeding is entirely statutory, and must be conducted in strict accordance with the provisions of the law. The original act authorizing these summary proceedings directs the manner in which a jury, when required, shall be summoned, drawn and sworn, but makes no provision for talesmen. (2 *R. S.* 514, §§ 35, 36.) The act passed April 3, 1849, (*Laws of* 1849, *p.* 291, *ch.* 193,) by which the number of the jury, in cases of summary proceedings to recover possession of land, is reduced to six, gives no additional authority or direction in relation to summoning or drawing the jury. The act passed April 13, 1857, (1 *Laws of* 1857, *p.* 727, § 77,) authorizes the justices of the district courts in the city of New York to act in cases of summary proceedings; and by section 37, on page 718, directs and empowers such justices to cause talesmen to be summoned when necessary to complete a jury *for the trial of an issue of fact in an action pending in said court;* but the last mentioned section does not apply to or affect summary proceedings, (which are not actions,) before said justices. It is clear, then, as I think,

that the jury in this case was not formed in the manner required by the statute, under which the proceeding was had, and the verdict, and the warrant issued thereon, are consequently void. The proceedings must be reversed, with costs.

[NEW YORK GENERAL TERM, September 17, 1860. *Sutherland, Allen* and *Bonney,* Justices.]