ROBERT WHITAKER

*vs.*

J. W. McClung AND MARY A. McClung HIS WIFE.

The prevailing party may perfect judgment upon the verdict of a jury, without notice to the adverse party. The decision .in *Piper vs. Johnston et al.*, 12 *Minn.* 60, followed.

An action brought by a lessor against the assignee of his lessee to recover possession of leased premises, upon the ground of non-payment of rent, the lessor having by the terms of the lease the right to re-enter for failure to pay rent, is controlled by *Sec* 15 *Ch.* 75 *Gen. St.; Sec.* 5, *Ch.* 75, *Gen. St.*, as amended by *Sec.* 2, *Ch.* 72, *page* 117, *Laws* 1867, giving a right to a second trial upon certain specified conditions, does not apply to such an action.

The receiving of the legal costs (recovered in a first trial of such action) by the plaintiff's attorney, or their payment to the clerk for him, even if they were paid for the avowed purpose of obtaining a second trial, does not estop the plaintiff from resisting the application for the second trial.

This action was brought in the Court of Common Pleas, Ramsey County, to recover the possession of certain leased premises in St. Paul for the non-payment of rent. It was undisputed that the plaintiff was the owner of the real estate leased, and executed a lease of the same to defendant J. W. McClung, and one Wm. Paist, for a term of years, with certain covenants and stipulations respecting the rent, and the manner of ascertaining the amount thereof, and containing a provision for re-entry by plaintiff, in case of default in payment; that possession was taken under the lease, and that the lessees afterwards assigned and transferred the

lease to Mary A. McClung, wife of J. W. McClung.   Issue was joined in regard to the performance of certain stipulations and covenants in the lease.   The cause was tried at the March term 1868, before a jury, who found a verdict for the plaintiff.   Costs were duly taxed April 21, 1868, on notice to one of defendant's attorneys.   On the 1st day of June, 1868, on motion of plaintiff's attorney, and without further notice to defendants, judgment was entered in favor of the plaintiff, for possession of the premises.   On the 1st of May, 1868, and before judgment was entered, defendants paid the costs as taxed.   Afterwards a motion was made for a second trial; and on the hearing of such motion, it appeared, among other things, that defendants had paid the costs for the purpose of securing a second trial, that plaintiff's attorney, knowing such purpose, received such costs. The Court denied the motion.   The defendants take two appeals: 1st, from the judgment, on the ground that it was entered without notice to the defendants; 2d, from the order denying a second trial, upon the ground that they were entitled to such trial under the statute.

Brisbin & Palmer for Appellants.

C. K. Davis & R. B. Galusha for Respondent.

*By the Court—*Berry, J.—The only point made in support of the appeal taken from the judgment in this case is, that the judgment was entered up without notice to defendants or their attorneys, although the defendants appeared, and this point has been determined adversely to the appellant's view in *Piper vs. Johnson*, 12 *Minn.*, 60.

The other appeal is taken from an order denying a second trial, which trial was demanded under *Sec. 5, Ch. 75, Gen.*

*Stat. as amended by Sec.* 2, *Ch.* 72, *page* 117, *Laws* 1867. The section referred to reads as follows: "Any person against whom a judgment is recovered, in an action for the recovery of real property, may, within six months after written notice of such judgment, upon payment of all costs and damages recovered thereby, demand another trial by notice in writing to the adverse party, or his attorney in the action, and thereupon the action shall be re-tried, and may be brought to trial by either party." We are of opinion that the section quoted is not applicable to the case at bar.

This action is brought by the lessor of certain land in St. Paul against the assignee of his lessee, for the purpose of recovering possession of the leased premises, upon the ground of non-payment of rent. By the terms of the lease, the lessor upon a failure to pay rent had the right to re-enter. *Sec.* 15, *Ch.* 75, *Gen. Stat.*, provides that "When in case of a lease of real property, and the failure of the tenant to pay rent, the landlord has a subsisting right to re-enter for such failure, he may bring an action to recover possession of the property, and such action is equivalent to a demand of the rent and a re-entry upon the property; but if at any time before the expiration of six months after possession obtained by the plaintiff on recovery in the action, the lessee or his successor in interest, as to the whole or part of the property, pays to the plaintiff, or brings into court the amount of rent then in arrear, with interest and the costs of the action, and performs the other covenants on the part of the lessee, he may be restored to the possession, and hold the property according to the terms of the original lease." We are of opinion that this section should control this case. While there may be some reason for difference of opinion as to the meaning of the language "action for the recovery of real property," in section 5, as amended,

Whitaker v McClung et al.

and as to whether it would if standing alone embrace an action brought by a lessor against his lessee to recover *possession* of leased property for non-payment of rent, the *title* being undisputed, and undisptable we think that section 15 is a particular provision for the particular class of cases therein designated, a class to which *section* 5 does not apply. If the general language of section 5 would comprehend a case of this kind, we think its meaning is restricted by section 15. The proceedings provided for in landlord and tenant acts are ordinarily summary, not only under our statute, (*see Ch. 84, Gen. Stat.*) but in other jurisdictions. There are obvious reasons why they should be summary, and we perceive nothing to lead us to suppose that our legislature intended to depart from the policy which has been here as well as elsewhere sanctioned and adopted.

As to the other point made upon the payment of the costs with reference to a second trial. We do not think that the receiving of costs due to the plaintiff, by his attorney, or their payment to the clerk who gave the plaintiff's attorney credit for them, even if they were paid for the avowed purpose of obtaining a second trial, could estop the plaintiff from resisting the application for such trial. The defendant paid only what he was bound to pay, and the plaintiff received only what he was entitled to receive, irrespective of the demand for a second trial. If the receiving of the money misled the defendant, it must be ascribed to his misapprehension of what we conceive to be the law.

The judgment and the order are affirmed.