CALVIN L. ROBINSON VS. WILLIAM H. DUPRAY.

The "act concerning Forcible Entry and Detainer" was not repealed by the Code of Procedure; the proceedings regulated by that act are "special proceedings" within the meaning of the Code.

Appeal from the Circuit Court for Nassau County, Fourth Judicial Circuit.

The facts constituting the basis of the opinion are stated therein.

*Robert Smith* for Appellant.

*John Friend* for Respondent.

RANDALL, C. J., delivered the opinion of the court.

This suit was commenced in the Circuit Court for the County of Nassau, by the issuing of summons and filing a complaint under the provisions of the "Act concerning Forcible Entry and Detainer," approved August 14, 1868.

The parties appeared and proceeded to trial and a verdict was rendered in favor of the complainant, whereupon the counsel for defendant moved to set aside the verdict upon the ground (among others) that the proceedings should have been had in pursuance of the Code of Procedure, and that the act of 1868 was repealed by the substitution of the Code. The court set aside the verdict upon the ground stated, and dismissed the proceedings, and from this order and judgment the complainant appealed.

The cause having been submitted upon the record and brief on the part of the respondent, and the appellant failing to appear, the matter has been examined solely upon the points made by the respondent. If this was "an ordinary proceeding in a Court of Justice," in the language of the Code, the ground of the motion to set aside the verdict would have been good ground for dismissing the proceed-

Robinson v. Dupray.

ings *before* trial. But in our judgment this is a "special proceeding" within the meaning of the Code, and as there is no provision of the Code specially regulating proceedings of this character, the law heretofore in force regulating the subject is not repealed by the Code. This is the view of the Supreme Court and the Court of Appeals in New York in similar cases, (People vs. Hamilton, 39 N. Y., 107; Hyatt vs. Seeley, 1 Kern., 55; Minor vs. Burling, 32 Barb., 540,) and without some unequivocal language to that effect we cannot believe that the legislature intended to compel every landlord to pursue his remedy against his defaulting tenant by the slow and expensive process of an action in the ordinary form of a suit in ejectment, instead of the just and salutary remedy to be found in the special and summary proceeding regulated by the act of 1868.

The judgment and the order setting aside the verdict must be reversed and set aside, and the cause remanded for farther proceedings according to law.