THE STATE OF MISSOURI *ex rel.* THE KANSAS CITY AUDITORIUM COMPANY, Petitioner, v. A. W. ALLEN, Respondent.

Kansas City Court of Appeals, May 25, 1891.

1. **Jurisdiction:** COURTS OF APPEAL : RULE OF CONSTRUCTION. The original as well as the appellate jurisdiction of the courts of appeals is confined to those cases, the subject-matter of which is not within the appellate jurisdiction of the supreme court.

2. **Action to Recover Possession Under Landlord and Tenant Act:** PROHIBITION. The courts of appeals have jurisdiction to prohibit by its writ the unlawful proceeding of a justice of the peace in an action merely to recover possession of premises under the landlord and tenant act for the non-payment of rent.

3. **Prohibition :** REMEDIAL WRIT : RULE AS TO CONSTRUCTION OF CONSTITUTION : SUPERINTENDING CONTROL. The constitution provides that the courts of appeals "shall have power to issue writs of *habeas corpus, quo warranto, mandamus, certiorari* and other remedial writs, and to hear and determine the same ; and shall have superintending control over all inferior courts of record in said counties." *Held,—*

   (1) Prohibition is an original remedial writ, and will reach all inferior courts, whether of record or not.

   (2) That, as the particular words of the first clause of the constitutional provision exhaust all original remedial writs, the rule : "If the particular words exhaust the whole genus. the general words must refer to some larger genus," applies ; and the general words of the last clause are of broader signification than the particular words of the first clause.

The State ex rel. K. C. Auditorium Co. v. Allen.

(3)  The superintending control which the court of appeals may exercise over courts of record is not only the control which may be exercised through some of the writs included in the first clause, but is the control which may be exercised in other ways, and by other and different means.

(4)  As the first clause of the constitutional provision expressly confers jurisdiction without qualification or limitation on the courts of appeals to issue, hear and determine the common-law writ of prohibition, such jurisdiction exists unless it is taken away in the subsequent part of the section, and to take it away the language must be express and certain ; it cannot be done by implication.

4.  ————— : OTHER REMEDY : APPEAL : LANDLORD AND TENANT : ACTION TO RECOVER POSSESSION : SOLVENT TENANT.  In an action to recover possession of leased premises for non-payment of rent, the statutory provision allowing an appeal from the judgment of the justice is not such adequate remedy affording redress for the unlawful possession of the justice in submitting the landlord's right to recover possession to a jury, as to prevent the issuance of a writ of prohibition to stop such proceeding ; nor will the fact that the tenant is solvent prevent the issue of the writ.

5.  Landlord and Tenant: ACTION TO RECOVER POSSESSION : RIGHT TO JURY : JUSTICES' COURTS.  In courts of the class to which justices of the peace belong, and which do not exercise jurisdiction according to the course of the common law, a jury will not be authorized for the trial of causes, unless it is required by legislative enactment.  The landlord and tenant statute for the recovery of possession for the non-payment of rent provides a full procedure in such action, and that its hearing shall be before the justice ; but contain no requirement for a jury, and none is permitted.

6.  ————— : ————— : ————— : CONSTITUTION : APPEAL.  The constitutional provision, " The right of trial by jury, as heretofore enjoined, shall remain inviolate ; but a jury for the trial of criminal or civil cases in courts not of record may consist of less than twelve men, as may be prescribed by law," does nothing more than recognize the fact that in courts not of record juries are not generally provided for by statute, and confers express authority to compose them of less number than twelve men.  But, if the constitution requires a jury in such cases as an action to recover possession under the landlord and tenant act, yet such statute is not repugnant to the constitution as it provides, without unreasonable restriction, for an appeal to a court where a jury trial may be had.

The State ex rel. K. C. Auditorium Co. v. Allen.

*Original Proceeding by Prohibition.*

WRIT GRANTED.

*Boland & O'Grady* and *Wash Adams*, for relator.

(1) This court has original jurisdiction to issue original remedial writs and to hear and determine the same. Const., art. 6, sec. 12; Const. Amend., sec. 4, concerning courts of appeal. This power is confined to cases appealable to the Kansas City Court of Appeals. *State ex rel. v. Rombauer*, 101 Mo. 499. The case of Kansas City Auditorium Co. *v.* Crawford, now pending before respondent Allen, is appealable to the Kansas City Court of Appeals and not to the supreme court. Const. Amend. concerning courts of appeal, secs. 4 and 5; Const., art. 6, sec. 12. Said case involves only the right of possession of the opera house. Neither the title to real estate nor past-due rent is involved. *Vaughn v. Abbott*, 27 Mo. 290; *State ex rel. v. Bowerman*, 40 Mo. App. 578. In several instances the reported cases show the courts of appeal and the supreme court have exercised original jurisdiction by the issue of writs of *mandamus* and prohibition to tribunals inferior to the circuit courts. (2) The foregoing inquiry "*in limine*" being disposed of, the question recurs, whether it is a wrongful assumption or excess of power for the justice to submit the decision of said cause to a jury or tribunal of six men. That this question should be answered in the affirmative, we think, will appear. *Frazee v. Beattie*, 26 S. C. 348; *Vaughn v. Scade*, 30 Mo. 606. Before the justice the rent is not in issue, the sole issue being whether complainant is entitled to possession; no rent is sued for, nor can be recovered in this proceeding. *Vaughn v. Locke*, 27 Mo. 290; *January v. Stephenson*, 2 Mo. App. 266; *Cook v. Decker*, 63 Mo. 328; *Moores v. Martin*, 23 Mo. App. 654; *Green v. Sternberg*, 15 Mo. App. 32. Sections 6391 to

6400, inclusive, of the Revised Statutes of 1889, provide a complete method of recovering possession of demised premises for failure to pay rent. This is a summary proceeding, and is *sui generis*. This summary proceeding is not "a civil action," but is special and contrary to the course of the common law. *Banks v. Porter*, 39 Conn. 307; *Miner v. Borling*, 32 Barb. 540 ; *Robinson v. Duproy*, 14 Fla. 261 ; *O'Neal v. Fickling*, 10 S. C. 303 ; *Whittaker v. McClung*, 14 Minn. 170 ; *Brown v. Cassidy*, 34 Hun, 55 ; *Benjamin v. Benjamin*, 5 N. Y. 383. The foregoing authorities are found in Gear on Landlord and Tenant ( Pony series ). That author says at section 199 : " It is to be tried summarily without a jury unless expressly allowed." *Carter v. Tindall*, 28 Mo. App. 316 ; *Pesant v. Heartt*, 22 La. Ann. 292. It is plain to be seen that under this statute no jury is competent, and that the justice in ordering one exceeded his legitimate powers. ( 3 ) Seeing the justice has no lawful right or power to submit such a cause to a jury, the inquiry remains whether prohibition is the proper remedy to prevent the exercise of such unlawful power. It seems manifest that prohibition is the only appropriate remedy. " These cases prove that the writ lies to prevent the exercise of any unauthorized power in a cause or proceeding of which the subordinate tribunal has jurisdiction, no less than when the entire cause is without its jurisdiction. *Quimbo Appo v. People*, 20 N. Y. App. 540, 541, 542 ; *Sweet v. Hulbert*, 51 Barb. 312 ; *State v. Wilcox*, 24 Minn. 143 ; *Pratt v. Cabanne*, 12 Mo. 194; *Boyce v. Smith*, 16 Mo. 317 ; *State ex rel. Wright v. Adams*, 76 Mo. 609 ; *Leahy v. Dugdale*, 41 Mo. 518. Of course the rule, if valid, applies as well to *mandamus* as prohibition. *State ex rel. v. St. Louis Ct. of App.*, 99 Mo. 221 ; *Miller v. Marshall*, 1 Va. Cas. 158 ; *Warwick v. Mayo*, 15 Gratt. 542 ; *Hutsen v. Lowry*, 2 Va. Cas. 42; *State ex rel. v. Phillips*, 97 Mo. 331 ; *State ex rel. v. Osborne*, 24 Mo. App. 314; *Ex parte Cox*, 10 Mo. 742;

*Bank v. Lewis*, 76 Mo. 370. (4) For the specific wrong threatened there is no adequate remedy except the writ of prohibition. *State ex rel. v. Clayton*, 34 Mo. App. 563; *Harper v. Baker*, 9 Mo. 116; *State ex rel. v. McAuliffe*, 48 Mo.; *Adamson v. LaFayette Co.*, 41 Mo. 225.

*McDougal & Robinson*, for respondent.

(1) This court is not authorized by either constitution or laws to send its writ of prohibition to a justice of the peace. Constitution, art. 6, sec. 3; *Thompson v. Mead*, 36 Mo. 232, 246, 247. By section 4 of the amendment creating the Kansas City Court of Appeals, this court is given "the power, the jurisdiction and proceedings of the St. Louis Court of Appeals." It is true that by statute all courts of record have power to issue all writs "necessary to the exercise of their respective jurisdictions" (R. S. 1889, sec. 3243), yet it is well to bear in mind that to the supreme court alone is given "control over all inferior courts," while the courts of appeal are given such control "over all inferior courts of record" only, and that by the fourth clause of section 3318, Revised Statutes, 1889, the circuit court is given "superintending control over justices of the peace." *State ex rel. v. Bowerman*, 40 Mo. App. 576, 578. (2) If this court were fully authorized to issue the writ prayed for, this is not a proper case for the exercise of such power; because, *first*, the right of appeal is unquestioned; *second*, relator has an adequate and complete remedy by ordinary proceedings at law. "Where there is a complete remedy at law, that is a sufficient reason for withholding this writ." *State ex rel. v. Burckhartt*, 87 Mo. 539; *Mastin v. Sloan*, 98 Mo. 252; *State ex rel. v. Bowerman*, 40 Mo. App. 576; *Morris v. Lenox*, 8 Mo. 253; *People v. Westbrook*, 89 N. Y. 152, 155; 1 Thompson on Trials, sec. 147; *People v. Court*, 11 Mich. 393, 404-5; *People v. Steward*, 7 Wend. 518; *Low v. Crown Point*, 2 Nev. 75; *Sweet*

*v. Hulbert*, 51 Barb. 312; *People v. Russell*, 49 Barb. 351; *Cooper v. Stocker*, 9 Rich. (S. C.) 292; (3) Crawford, the defendant, has the right in the case before the respondent as a justice of the peace, to demand a trial by jury. *Vaughn v. Locke*, 27 Mo. 290, 292; *Cook v. Decker*, 63 Mo. 328; *Merrill v. St. Louis*, 83 Mo. 244, 252; *Bank v. Anderson*, 1 Mo. 244; *Wynehamer v. People*, 13 N. Y. 378, 426-7.

ELLISON, J.—This is an application for a writ of prohibition to be directed to A. W. Allen, a justice of the peace of Jackson county. In 1888 the Warder Grand Opera-House Company leased its opera house in Kansas City to Lester M. Crawford, for a term of five years, expiring in 1893. The relator by mesne conveyances acquired title to the property in August, 1890, and in March, 1891, instituted its suit before the respondent, a justice of the peace, for possession of the leased premises, therein claiming and alleging that "there is due and unpaid" seven months' rent, aggregating $4,088.33, and it says that said rent "has become due and payable, and remains due to plaintiff, and wholly unpaid." The petitioner, in its application to this court, set out at length its complaint before respondent, embracing copies of the lease under which Crawford holds, and the supplement thereto. At a hearing before respondent, a jury was called at Crawford's instance, and against relator's objection. The jury failed to agree and were discharged by the justice. Before a second hearing was reached, the relator petitioned this court to issue its writ of prohibition to prevent the respondent from again submitting the issues to a jury, as he intended to do. Respondent makes the following return:

"Now comes said respondent, and, waiving the issue of a provisional order in this cause, makes this his return herein as though such order had been issued, and

The State ex rel. K. C. Auditorium Co. v. Allen.

respectfully submits that this court should not issue the writ prayed for in the petition herein for the following reasons: *First*. The issue in the case pending before this respondent, is whether, plaintiff, the Kansas City Auditorium Company, is entitled to recover from the defendant Crawford the possession of the property in controversy in said suit; and the determination of this issue depends on the question as to whether there is actually due from said defendant to said plaintiff, as rent for said premises, the amount charged by said plaintiff to be due, and the defendant is entitled to have said issue tried by a jury. *Second.* Should the said petitioner be aggrieved by the action of this respondent in submitting said case to a jury, it will have an adequate remedy by appeal. *Third*. This court has no authority to issue the writ asked for by said petitioners."

Upon these facts three principal questions arise: *First*. Has this court the authority to issue the writ of prohibition to a justice of the peace? *Second*. If it has, then is this a proper case for the exercise of such authority? *Third*. Has Mr. Crawford, as the defendant in the main case, the right to demand a trial by jury?

The constitution, as it relates to the jurisdiction of the courts of appeals, has been recently construed by the supreme court in keeping with its evident meaning. That construction is that: "Its (court of appeals) original as well as appellate jurisdiction is confined to those cases, the subject-matter of which is not within the appellate jurisdiction of this court." *State ex rel. Blakemore v. Rombauer*, 101 Mo. 499. This application seeks to invoke the original jurisdiction of the court, and, in order to determine whether we have jurisdiction to issue the writ, it is necessary to ascertain whether the supreme court or this court has appellate jurisdiction of the cause pending before Justice Allen. It is clear to us that the appellate jurisdiction is in this court. By

reference to sections 12 and 27 of article 6, of the constitution, and to section 5 of the amendment to said article, it will be seen that the supreme court has appellate jurisdiction only in certain enumerated cases. The appellate jurisdiction in all other cases rests with the courts of appeals. Such jurisdiction of the supreme court is limited to "the following cases only : In all cases when the amount in dispute, exclusive of costs, exceeds the sum of $2,500; in cases involving the construction of the constitution of the United States or of this state; in cases when the validity of a treaty or statute of, or authority exercised under, the United States is drawn in question in cases involving the construction of the revenue laws of this state, or the title to any office under this state ; in cases involving title to real estate ; in cases where a county or other political subdivision of the state or any state officer is a party, and in all cases of felony." The case now pending before the justice belongs to ( none ) of these. If to anyone, it would be to the cases where the amount in dispute exclusive of costs exceeds the sum of $2,500. But it is not within this class. The case is founded on sections 6392, 6393, 6394, Revised Statutes, 1889. Section 6392 reads that: " Whenever any rent has become due and payable, and payment has been demanded by the landlord or his agent from the lessee or person occupying the premises, and payment thereof has not been made, the landlord or his agent may file a statement, verified by affidavit, with any justice of the peace in any county in which the property is situated, * * * setting forth the terms on which said property was rented, and the amount of rent actually due to such landlord ; that the same has been demanded from the tenant, lessee or person occupying the premises, and that payment has not been made, and particularly describing the property rented or leased ; and thereupon such justice shall issue a summons directed to such tenant or lessee and to all persons

occupying the premises, by name, requiring them to appear before him upon a day to be therein named, and show cause why possession of the property should not be restored to plaintiff.    *    *    *"

Section 6393 provides for the service of summons. Section 6394 provides:   "Upon the return of the summons executed, the justice shall proceed to hear the cause; and if it shall appear that the rent which is due has been demanded of the tenant, lessee or person occupying the property, and that payment has not been made, and if the payment of such rent, with all costs, shall not be tendered before the justice, on the hearing of said cause, the justice shall render judgment that the landlord recover the possession of the premises so rented or leased, and also his debt for the amount of the rent then due, with all costs; *provided*, that the amount of the rent shall not exceed the jurisdiction of a justice of the peace; and shall issue an execution upon such judgment, commanding the constable to put the landlord into immediate possession of the property leased or rented, and to make the debt and costs of the goods and chattels of the defendant; upon which execution the constable shall deliver possession of the property to the landlord within five days from the time of receiving the said execution and he shall proceed upon the said execution to collect the debt and costs, and return the writ, as in case of other executions issued by a justice of the peace; and *provided, further*, that, if the plaintiff so elect, he may sue for possession alone, without asking for a payment for the rent due."

Now in this case, relator (plaintiff in original action) might have asked the enforcement of two rights. In one action, he might have asked judgment for the possession and for the rent due; but he elects not to ask for the recovery of rent and confines his case merely for the possession of the premises. No money demanded is in litigation. The averment in the complaint filed with the justice is that $4,035.33⅓ in rent is

due, has been demanded and payment refused; but this is merely allegation of matter stating the cause of complaint. It is only the averment of matter whereby the right of possession accrued to him, and which he is compelled to allege in order to state his statutory cause of action. He must, under the provisions of the statute, allege the amount of rent in arrears, but this allegation does not affect the judgment. It is only required in order that the tenant may pay the amount, thereby discontinuing the suit and retaining possession of the premises. *Cook v. Decker*, 63 Mo. 328. It is true the amount due, or whether any sum is due, may be made an issue in the case, but that some amount is due is a mere fact necessary to establish in order to justify a judgment for possession. Whether that sum should be $1 or $1,000 would not alter the force and effect of the judgment. It was said in *Morris v. Horrell*, 35 Mo. 477, that the amount found due by the justice rendering judgment for possession would be conclusive between the parties to an appeal bond in a suit on such bond. If we concede the soundness of this statement, it does not alter the status of the question we are now considering. That would be in another action which would *directly* involve an amount of money. But it can have no reference to the action for possession only, which does not admit of a money judgment, save for costs. The phrase, "amount in dispute," as used in the constitution, has reference, of course, to cases where a money judgment may be rendered.

The foregoing suggests itself to us in considering the briefs of respondent's counsel. But the position which they take is that, since the constitution (section 12, article 6, in connection with section 4 of the amendment) gives this court "superintending control over all inferior courts of record," we have no jurisdiction to direct the writ to a justice of the peace, whose court is not a court of record. We do not agree to this. The full provision of the constitution shows the position to be untenable.

It is as follows: "Said court shall have power to issue writs of *habeas corpus, quo warranto, mandamus, certiorari* and other original remedial writs, and to hear and determine the same ; and shall have a superintending control over all inferior courts of record in said counties." From this it is apparent that the courts of appeals may issue the writ named, "and other original remedial writs." The writ of prohibition being an original remedial writ (*Lane v. Charless*, 5 Mo. 285 ; *Thomas v. Mead*, 36 Mo. 232), it is our duty in a proper case to issue, hear and determine it. Prohibition will reach *all* inferior courts, whether courts of record or not. 3 Blackstone, 112. We are wholly unable to discover any reason why the additional clause should be held to be a restriction on that which precedes it. It is rather an enlargement. The superintending control which this court may exercise over courts of record is not only the control which may be exercised through some of the writs included in the first clause, but is the control which may be exercised in other ways and by other and different means. This court may exercise superintending control by writs which are not "original remedial writs." The original remedial writs included in the first clause are frequently the mode best adapted to superintend and control inferior courts, but they are not always so. *Lane v. Charless*, 5 Mo. 285. We supervise, superintend and control inferior courts, by appeal and writs of error, and by such means we may enter the proper judgments, or set aside and annul those which are improper, or direct this to be done by the inferior court. Any other view would drive us to the position that we can only exercise superintending control by an original remedial writ, which was certainly not contemplated by the makers of the constitution, else they would have stopped short and not have added the second clause, "*And* shall have superintending control," etc. The particular words of the first clause exhaust all original remedial writs; therefore,

"If the particular words exhaust a whole genus, the general words must refer to some larger genus." Sutherland on Statutory Const., sec. 278. The general words of the last clause are of broader signification, as it relates to superintending control, than the particular words of the first.

There can be no doubt that the first clause of the constitution above quoted expressly confers jurisdiction without qualification or limitation on the courts of appeal to hear, issue and determine the common-law writ of prohibition. Such jurisdiction, therefore, exists in this court unless it is taken away in a subsequent part of the section. To take it away, the language must be expressly certain; it cannot be by implication. *Commonwealth v. Ralph*, 111 Pa. St. 365, 379. The construction of the constitution in this respect may be said to be analogous to the construction of written instruments affecting estates wherein an estate granted in one part is sought to be destroyed or taken away in an after part. In reference to the latter instrument we quote the strong and comprehensive language of the lord chancellor in *Thornhill v. Hall*, 2 Clark & Fin. 22 : "I hold it to be a rule that admits of no exception, in the construction of written instruments, that, where one interest is given, where one estate is conveyed, where one benefit is bestowed in one part of an instrument by terms clear, unambiguous, liable to no doubt, clouded by no obscurity, by terms upon which, if they stood alone, no man breathing, be he lawyer or be he layman, could entertain a doubt, in order to reverse that opinion, to which the terms would of themselves and standing alone have led, it is not sufficient that you should raise a mist ; it is not sufficient that you should create a doubt ; it is not sufficient that you should show a possibility ; it is not even sufficient that you should deal in probabilities, but you must show something in another part of that instrument which is as decisive the one way as the other terms were decisive the other way; and

The State ex rel. K. C. Auditorium Co. v. Allen.

that the interest first given cannot be taken away either by *tacitum* or by *dubium* or by *possibile* or even by *probabile*, but that it must be taken away, and can only be taken away by *expressum et certum*."

II.    Respondent insists that, though we have jurisdiction, we should not entertain the application, and the writ should not issue as the relator has an adequate remedy by appeal.    We rule the point against respondent.    While it is true that special provision is made in the landlord and tenant act for an appeal, the trial on such an appeal is a trial *de novo*, and affords no redress of the wrong done relator.    It is true that he may obtain, ultimately, the object of his suit, but if he has a right to have his cause tried by the justice and the justice determines not to try the cause himself but, instead, to submit it to a jury, relator is quite effectively deprived of such right, and so completely is he deprived that he cannot have the wrong thus committed redressed ; for in no event can the result of the appeal restore him to the right to his *summary remedy* at the hands of the *justice of the peace.*    The law gives the landlord a quick remedy, and if, in its wisdom, it has declared that such remedy shall be had by trial before a justice, and not a jury, and this is denied, an appeal does not obtain it, and the redress must lie in the extraordinary process of the courts.    We held in a matter analogous to this that *mandamus* was the proper process to compel a justice of the peace to grant a change of venue. *State ex rel. v. Clayton*, 34 Mo. App. 563, a case where the argument of adequate remedy by appeal was interposed.    If the statute gives the relator the right which he asserts, and imposes upon the justice of the peace the duty to try the cause, he does not merely erroneously decide a question over which he has jurisdiction.    He does not merely commit an error in the proceedings, but he absolutely abdicates his official functions.    He has no voice or control of the result.    The verdict of the jury would be absolute and beyond his control.    If no

jury is authorized by the law he could not more effect-
ually exceed his powers in the cause ( notwithstanding
he may have jurisdiction of such cause) than if he
should direct the issues to be tried before some individ-
ual, with the intention of rendering judgment on the
decision of such individual.

It is, however, further suggested under the forego-
ing contention that the defendant in the cause pending
before the justice is solvent, and that, as the rent can be
collected from him by the ordinary process of law, the
writ asked for should be withheld.   We are conversant
with the rule denying prohibition when the grievance
can be redressed by ordinary proceedings.   But such
rule is not applicable to a case like the one in hand.
Here we have a case for which the law has prescribed a
remedy, and which it is alleged the justice refuses to
grant.   Respondent's argument, in this respect, could,
with equal propriety or force, be urged against granting
*mandamus* in a cause where the justice should refuse
to proceed at all with the landlord's complaint.

III.   We come now to one of the principal points
discussed :   Does the statute of landlord and tenant or
other statutes, construed with the constitution, author-
ize a jury trial in the possessory action therein pro-
vided for?   We are clear that it does not.   In courts of
the class to which justices of the peace belong, and
which do not exercise jurisdiction according to the
course of the common law, it is safe to say that a jury
will not be authorized for the trial of causes, unless it
is required by legislative enactment.   In summary pro-
ceedings, in such courts, there is no doubt in our minds
that, unless the intention to provide a jury for the trial
of such causes is gleaned from the statutes, none can
be had.   Gear's Lan. & Ten., sec. 199.   The jury, as
known to the common law, is not a part of the legal
machinery of a justice of the peace, unless made so by
statute.   *Vaughn v. Scade*, 30 Mo. 600.   The legislature
may provide for the trial of the causes in such courts

without a jury. The statute now under consideration appears to provide the full procedure for the adjustment of possessory actions brought by the landlord without reference to any other statute. In this respect it can be likened to the forcible entry and detainer statute. *Carter v. Tindall,* 28 Mo. App. 316.· It provides that the hearing shall be by the justice. It makes no reference to a jury or to proceedings under other statutes. It provides especially that appeals may be had and changes of venue may be taken; things wholly unnecessary if the general statute as to justices of the peace is to apply. Furthermore, the whole provision, in reference, at least to the point here, is special, and we may repeat the language of the supreme court of Minnesota in *Whittaker v. McClung,* 14 Minn. 170 : "The proceedings provided for in landlord and tenant acts are ordinarily summary, not only under our statute, but in other jurisdictions. There are obvious reasons why they should be summary, and we perceive nothing to lead us to suppose that our legislature intended to depart from the policy which has been here, as well as elsewhere, sanctioned and adopted." In further illustration of this, see *Bank v. Porter,* 39 Conn. 307 ; *Miner v. Borling,* 32 Barb. 540 ; *Robinson v. Duproy,* 14 Fla. 261; *O'Neil v. Fickling,* 10 S. C. 303 ; *Peasant v. Heartt,* 22 La. Ann. 292. In the latter case the court says : "The first question is presented by a bill of exceptions, taken to the ruling of the district judge in refusing the defendant a trial by jury. The judge did not err. The act of 1855 makes this a very summary proceeding, and requires it to be tried at all times by preference after three days' notice. In summary proceedings, jury trials are not had unless expressly allowed." Counsel suggests many questions which may arise in the case now pending before the justice and in like case which would not, generally in ordinary actions, be submitted to a justice. But this cannot and

ought not to control or overthrow the evident intention and policy of the statute.

But it is urged with much plausible force that the present constitution of this state has made material alterations in the jury law. The constitution as it was and as it· is, we here set out; the italics showing the changes made : " That the right of trial by jury shall remain inviolate." Const. Mo. 1820, art. 13, sec. 8 ; same in Const. 1865, art. 1, sec. 12. "The right of trial by jury, *as heretofore enjoined*, shall remain inviolate ; *but a jury for the trial of criminal or civil cases in courts not of record may consist of less than twelve men, as may be prescribed by law.*" Const. 1875, art. 2, sec. 28. Respondent insists that while formerly the provision did not apply to inferior courts not of record, and not proceeding according to the course of the common law, yet that the additional clause incorporated in the new constitution makes it now obligatory to call a jury in such courts in all cases when demanded. In other · words, that the right of trial by jury is now guaranteed in such cases. It cannot be well claimed that the present constitution does more than recognize the fact that in courts not of record juries are generally provided for by statute law; that being true, express authority is given to compose them of less number than the common-law jury of twelve men. To say that the constitution above quoted has declared that there shall be a jury trial in all inferior courts not of record, including justices of the peace and police courts of cities, and that the legislative acts and charters and ordinances which do not provide for juries are unconstitutional, is a mere assertion; there can be no question involved in such statement.

But if we should concede that the case now pending before the justice belongs to the class of " civil cases in courts not of record," as contemplated by the constitution, a matter we need not combat or approve, the

point must yet be ruled against respondent. For notwithstanding the statute in question does not provide for a jury trial, yet it does provide, without unreasonable restriction, for an appeal to a court where a jury trial may be had. Sec. 6400. When such is the case, the constitution is not only not violated, but the mode and manner of securing the constitutional right is pointed out. *City of Marshall v. Stanard*, 24 Mo. App. 193; 1 Bishop, Crim. Pro., sec. 893; 1 Dillon, Mun. Corp., sec. 439.

We think the respondent should try the cause without a jury, and we shall, therefore, award the writ of prohibition as prayed. The other judges concur.