JOHN H. OVERALL, Appellant, v. ST. LOUIS TRACTION COMPANY, Respondent.

St. Louis Court of Appeals, March 26, 1901.

Jurisdiction of Court of Appeals: EASEMENT, VALUE OF. In the case at bar, the thing appellant seeks to establish by his petition is an easement over respondents tracks for a period of over thirty years. The value of this easement is the amount in dispute or controversy, and as the value of the easement is in excess of the jurisdiction of this court, the appeal should have been to the Supreme Court.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz*, Judge.

Transferred to the supreme court.

*John H. Overall* for appellant.

*Boyle, Priest & Lehmann* and *Geo. W. Easley* for respondent.

BLAND, P. J.—The appellant, as the assignee or transferee of a contract entered into on June 25, 1888, by and between the Peoples Railway Company and the Fourth Street Railway Company, both of the city of St. Louis, seeks to be let into the use of a portion of the track of the Peoples Railway Company now owned by the respondent. The contract provides for the payment of a rental of eighteen hundred dollars per annum should the Peoples Railway Company furnish the power and twelve hundred dollars should the Fourth Street Railway Company provide the power to move the Arsenal cars over the leased portion of the Peoples Railway track. The contract runs to June 25, 1938.

The answer alleges, among other things, the invalidity of the contract of June 25, 1888; alleges that in any event appellant should pay over fifty thousand dollars back rent before he is entitled to the relief sought, and alleges that on December 13, 1895, a new contract was entered into by and between the Peoples Railway Company and the Fourth Street and Arsenal Railway Company, whereby the Fourth Street and Arsenal Railway Company agreed to pay the Peoples Railway Company six thousand dollars per annum for the use of the former's track, which contract it is alleged, superseded and took the place of the contract of June 25, 1888, and was to continue in force not beyond March 18, 1932.

No money judgment is prayed for and none can be rendered under the pleadings, unless one in some form might be rendered for alleged back rents. The thing appellant seeks to establish by his petition is an easement over respondent's tracks

for a period of over thirty years. The value of this easement is the amount in dispute or controversy, and the jurisdiction of the appeal must be determined by the *value* of the relief sought. Kitchell v. R. R. Co., 146 Mo. 457; Gartside v. Gartside, 42 Mo. App. 513. Estimating the value of the easement under the contract of 1888, it can not be less than twelve hundred dollars per annum, according to the lowest rental provided for in the contract on which appellant relies. As this contract has over thirty years yet to run, the value of the easement is largely in excess of the jurisdiction of this court, and the appeal should have been to the Supreme Court. Wherefore, the cause is transferred to that court. All concur.