THE STATE OF MISSOURI ex rel. ANNA R. PEN-FIELD, Relator, v. C. A. MOSMAN, Judge, etc., et al., Respondents.

Kansas City Court of Appeals, February 1, 1909.

JURISDICTION: Courts: Appeals: Circuit: Probate. A probate court appointed an administrator pending the contest of the decedent's will and made an order directing the executor to settle and to turn over $36,000 worth of stocks, which the said court had theretofore turned over to the said executor for life under the will. The court refused an appeal to the circuit court and the executor applied to the circuit court of the county for a writ of mandamus to compel the probate court to allow the appeal, which the circuit court was proceeding to hear. Thereupon the plaintiff in the will contest applied to the Court of Appeals for a writ prohibiting the circuit judge from proceeding with the mandamus case. *Held*, that as the amount involved exceeds the jurisdiction of the Court of Appeals on appeal such court has no jurisdiction by virtue of its superintending control to entertain the application for the writ of prohibition.

Original Proceeding by Prohibition.

WRIT DENIED.

*Rusk & Stringfellow* and *Chas. C. Crow* for relator.

(1)   Even where the circuit court has jurisdiction of the general subject-matter, yet if it attempts to exceed its jurisdiction, prohibition will lie in this court to restrain such attempt. The mere fact that the circuit court, or judge thereof, in vacation, has superintending control over the probate court, gives no power

to compel the probate court to do an unlawful or an unauthorized act, so that in this case, if the probate court was in the exercise of its lawful jurisdiction in making the order of May 29, 1908, and no appeal lay from that order, then the Honorable C. A. Mosman exceeded or was attempting to exceed his lawful jurisdiction, and prohibition should be granted by this court. State ex rel. v. Allen, 45 Mo. App. 551; Railroad v. Wear, 135 Mo. 230; State ex rel. v. Spencer, 166 Mo. 279; State ex rel. v. St. Louis Court of Appeals, 99 Mo. 217; State ex rel. v. Elkin, 130 Mo. 90; State ex rel. v. Eby, 170 Mo. 526; State ex rel. v. Aloe, 152 Mo. 466; State ex rel. v. Sale, 188 Mo. 493. (2) A suit in the circuit court, to contest the validity of this alleged last will and testament operated as an appeal from the order probating said will, and since the institution of said suit, there is no probated will of said Thomas Ashton, deceased, in existence. Shaff v. Peters, 111 Mo. App. 458; Lamb v. Helm, 56 Mo. 420; Lapsley v. McPike, 50 Mo. 589; Hugh v. Burris, 85 Mo. 660; State ex rel. v. Guinotte, 156 Mo. 513. (3) The order of the probate court and the alleged receipt given by Mrs. Ashton and filed with the probate court show upon their face that she takes solely by virtue of the alleged last will and testament of Thomas Ashton, deceased. Now the probate court's power to act being based solely upon the order of probate, and appeal having been taken from this order, the ground was thereby cut from under all orders based on this order of probate, and clearly it thereupon became the duty of Mrs. Ashton as soon as the administrator *pendente lite* was appointed, to turn over to him all the property of the estate for preservation, pending the litigation. How can an order by the lower court, based solely upon a judgment, be effective when an appeal has been granted from the judgment upon which it is based? State ex rel. v. Gates, 143 Mo. 63; State ex rel. v. Burnes, 107 S. W. 1094; Lilley v. Mink, 126 Mo. 190,

221. (4) The probate court, with all the evidence before it, and after a full hearing, in which Lucinda B. Ashton was personally present and also represented by the same counsel who now represent her, sustained plaintiff's motion to appoint an administrator *pendente lite*, and its action in that regard is conclusive. No appeal can be granted from such action, and it necessarily follows that no appeal can be granted from any order incident to that order of appointment. Flick v. Schenck, 110 S. W. 1074; State ex rel. v. Withrow, 108 Mo. 407; State ex rel. v. Reynolds, 121 Mo. App. 708; Looney v. Browning, 112 Mo. App. 195; State ex rel. v. Fowlere, 108 Mo. 470. (5) There is no doubt of the jurisdiction of this court. By even a casual reading of the constitutional provisions creating this court, counsel on the other side will find that this court is given superintending control over all inferior courts at least in cases where this court would have appellate jurisdiction and as the proceeding sought to be prohibited is mandamus, it is impossible to comprehend where, under the facts of this case, there might be more than $4,500 involved.

*C. F. Strop* and *Fulkerson, Graham & Smith* for respondents.

(1) Relator's application for prohibition is insufficient: (a) There is no allegation that petitioner is without other adequate remedy. State ex rel. v. Seay, 23 Mo. App. 630. (b) Petitioner has adequate remedy by appeal from the judgment of the circuit court should its action be adverse. Hence prohibition does not lie. State ex rel. v. McIlhanny, 199 Mo. 67; State ex rel. v. Stobie, 194 Mo. 14; State ex rel. v. Sale, 188 Mo. 493; Kalbfell v. Wood, 103 Mo. 675; Ward v. Ryan, 166 Mo. 649; Railway v. Woodson, 110 Mo. App. 208. (c) Prohibition is not the proper remedy to correct errors, but only to prevent usurpation of

authority in cases where no other remedy is adequate. State ex rel. v. Kline, 116 Mo. 268; State ex rel. v. Seay, 23 Mo. App. 630; State ex rel. v. Railway, 100 Mo. 59; State ex rel. v. St. Louis Court of Appeals, 99 Mo. 216; State ex rel. v. Burckhart, 87 Mo. 533; State ex rel. v. Scarritt, 128 Mo. 331; State ex rel. v. Stobie, 194 Mo. 14. (2) The Court of Appeals has no jurisdiction to issue a writ of prohibition in this case. It is fundamental that in all cases in which an appeal would properly lie to the Supreme Court, the Supreme Court alone has jurisdiction to grant a writ of prohibition. The effect of this proceeding is, if it is sustained, to take away from respondent Ashton one hundred and fifty shares of stock of the admitted value of at least $36,000. Certainly at least this sum is involved. It makes no difference in what form the action may be if the amount involved exceeds the jurisdiction of this court, this court has no power or jurisdiction to grant the relief asked herein. State ex rel. v. Allen, 45 Mo. App. 551; State ex rel. v. Rombauer, 101 Mo. 506; Kitchell v. Railway, 146 Mo. 457; Gartside v. Gartside, 42 Mo. App. 513; Evans & H. Co. v. Smelter Co., 48 Mo. App. 636; State ex rel. v. Rombauer, 130 Mo. 288; Overall v. Traction Co., 88 Mo. App. 175.

BROADDUS, P. J.—In the year 1906, Thomas Ashton, a resident of Buchanan county, died, leaving what purported to be his will, which in July of that year was filed in the office of the probate court of that county and by it probated as the last will and testament of the deceased.

By the terms of the instrument, Lucinda B. Ashton, widow of the deceased, was appointed executrix of his estate. The beneficiaries and distributees under said instrument were as follows: His widow, Lucinda B., Louisa M. Sheridan, Effie McDonald, William S. Ashton and Charles F. Ashton, his children; Thomas

W. Ashton and Anna Laura Ashton, his grandchildren, and Sallie Frans, his servant.

On the 16th day of August, 1907, Lucinda B., as executrix, filed her annual settlement in the probate court, showing about $36,000 due the estate, which consisted of one hundred and fifty shares of stock in what was known as the Ashton Investment Company, a corporation, which said shares comprised all its stock and the entire assets of the deceased's personal estate. On the 17th of August of said year, without notice to any of the other interested parties to said estate, the said Lucinda B., as executrix, obtained an order from the probate court turning over to her the one hundred, fifty shares of stock mentioned, for which she executed a receipt.

The alleged will of deceased devised all his property, both real and personal, to Lucinda B. for life. Anna A. Penfield, about the 1st day of May, 1908, instituted a suit in the circuit court of Buchanan county to contest the validity of said instrument as the last will and testament of the deceased, and Lucinda B. Ashton was made a defendant and service was had upon her. All the parties interested, except one, were made parties to the suit. On the 19th day of May, 1908, Anna A. Penfield filed a motion in the probate court, reciting the fact of the institution of the said suit to contest the validity of said instrument as the will of the said Thos. Ashton, and asking that an administrator *pendente lite* be appointed. The motion was sustained and an administrator of the estate was appointed pending the action to contest the will of the deceased.

On the 29th of May, the court set aside the order theretofore made on the 17th day of August, 1907, and ordered the said Lucinda B. to make settlement of the estate and turn over all the property in her hands, including the one hundred and fifty shares of stock, to the administrator  theretofore appointed, viz., John L. Zeidler, at which time the bond of said Zeidler for a

sufficient amount was duly approved. From this order, the said Lucinda B. asked for an appeal to the circuit court of the county, which the court refused to allow. She having refused to comply with said order to turn over all the property of the estate in her hands to the newly appointed administrator, the court made an order for her commitment to jail for contempt.

Thereafter, the said Lucinda filed a petition in the circuit court of the county before the Honorable C. A. Mosman, Judge, praying that an alternative writ of mandamus be issued commanding John M. Imel, the judge of said probate court, to grant an appeal from the said order to the said Lucinda B. to turn over the said shares of stock and all other property of the estate in her possession to the administrator, and also the order setting aside the former order of said court, whereby said property was turned over to said Lucinda B. as life tenant. Upon said petition being presented, Judge Mosman issued an alternative writ of mandamus commanding Judge Imel of the probate court to either grant an appeal from said order or show cause why he did not do so. Judge Imel filed a demurrer to the writ, which was overruled, and, afterwards, on the 16th day of June, 1908, Anna A. Penfield filed her petition in the proper form in this court asking that Judge Mosman be prohibited from compelling the judge of the probate court to grant an appeal from said order, which he was threatening to, and would, do unless prohibited by an order of this court. What has been said constitutes all the material facts set out in the petition asking for a writ of prohibition.

The respondent has filed his return to said writ. This return raises an issue of the sufficiency of the alleged facts to authorize the issuance of the writ; that this court has no jurisdiction of the case; that the application for the writ is premature for the reason that

the respondent has not yet acted upon the application for a writ of mandamus compelling the probate court to grant the appeal of Lucinda B. Ashton; and that the circuit court of Buchanan County is by law given superintending control over the actions of the probate court, and has the right to decide its own jurisdiction in matters arising in said court, and, if the circuit court commits an error in its own jurisdiction, the proper remedy is by appeal and not by writ of prohibition. As the case turns upon the question as to whether the court has jurisdiction, it will not be necessary to discuss the many other points raised by the respondent's return.

It may be conceded, without argument, that, if the only question involved was the appointment of an administrator *pendente lite,* this court would have jurisdiction over the matter, but, as the order of the probate court to the said Lucinda B. Ashton commanded her to turn over to said administrator the shares of stock valued at $36,000, which had been devised to her by the deceased in his will, and which she was then in possession of and holding by virtue of the former order of the court, and claiming as a matter of right, a controverted question is presented.

Under the Constitution of this State, the jurisdiction of this Court of Appeals is limited to actions in cases where the amout in dispute does not exceed $4,500. It is held by the Supreme Court that the jurisdiction of the Courts of Appeals, original as well as appellate, is confined under the Constitution to those cases the subject matter of which is not within the appellate jurisdiction of the Supreme Court. [State ex rel. v. Rombauer, 101 Mo. 499; and also by this court in State ex rel. v. Allen, 45 Mo. App. 551.]

The theory that Mrs. Ashton sought to establish by her appeal was the right of possession to the shares of stock valued at $36,000. It is held that the value of the thing in controversy determines the jurisdiction of the Courts of Appeals. [Overall v. St. Louis

Traction Co., 88 Mo. App. 175.] "The value of the right claimed by appellant, and of which he was deprived by the judgment appealed from, must be the criterion by which to determine whether the appeal is to the Supreme Court or the Court of Appeals." [Kitchell v. Railway, 146 Mo. 455.]

It therefore follows that, as we would have no jurisdiction by appeal from a judgment of the circuit court, directing the probate court to grant Mrs. Ashton an appeal from its judgment involving a dispute as to the rightful possession of property valued at $36,000, we have no jurisdiction over the same subject by writ of prohibition against said circuit court or judge thereof. The writ is dismissed.

*Ellison, J.,* concurs; *Johnson, J.,* not sitting.