THOMAS H. MUSICK, Administrator of HENRY NELL, Respondent, v. THE KANSAS CITY, SPRINGFIELD AND MEMPHIS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, January 27, 1891.

**Practice, Appellate:** JURISDICTION : TRANSFER OF CAUSES. It is a rule of practice of this court to transfer a cause to the supreme court, whenever the jurisdiction of the appeal is the subject of serious doubt.

*Appeal from the Greene Circuit Court.*

*Transferred to the Supreme Court.*

ROMBAUER, P. J.—The only question presented by this appeal is, whether the trial court erred in ruling out a transcript of certain proceedings had before a justice of the peace, culminating in the condemnation of certain lands for the purposes of a reservoir.

The action is trespass. The defense is title in the defendant by condemnation under the provisions of section 788 of the Revised Statutes of 1879. This section, among other things, provides: That "any [railroad] company shall have power to enter any land in the neighborhood * * * for the purpose of procuring water * * * for their uses * * * and may erect dams and reservoirs * * * and maintain the same." It then provides for the appointment of commissioners by the justice for the ascertainment of damages to the owner, and for an award of the commissioners thus appointed. The section concludes with the proviso, that "no property shall be entered upon or disturbed, *or the title divested* under the provisions of this section until," etc.

This section contemplates two things, *first*, the condemnation of a temporary use of the premises for taking material therefrom or depositing material thereon ; *next*, a condemnation for the exclusive and permanent occupancy of the premises by the erection of dams, reservoirs, etc., and a divestiture of the owner's title in the premises thus permanently occupied. As far as the section contemplates the first proceeding only, it does not contemplate a case involving title to real estate, but it is, to say the least, doubtful whether it does not contemplate such a case, when the proceeding necessarily results in the divestiture of the owner's title.

It may be said that the condemnation, even in the latter case, is only that of an easement or servitude, and that the owner's title is not disturbed. But that may be said with equal reason of the condemnation of the right of way, or any other condemnation, for public

purposes, because in all those cases there is a recognized right of reversion upon the cesser of the public use.

In the case at bar the condemnation was that of a certain specific area of land by metes and bounds, and, if valid, the divestiture of the owner's title was practically complete, leaving in him nothing but the contingent reversion.  We deem it proper in all cases, which stand apparently on the ill-defined boundary line of our jurisdiction, to give the supreme court an opportunity to decide on which side of the line the case properly falls..  The parties can thus without delay obtain the controlling opinion of that court on the question of jurisdiction by simply filing a motion to remand the cause.  We are thus relieved of the embarrassment of rendering judgment in any case, wherein our jurisdiction is questionable.

Without expressing any opinion on the question of jurisdiction beyond the one above stated, namely, that the question is involved in doubt sufficient to justify the transfer of the cause to the supreme court, we order that such transfer be made.  All the judges concur.