In the Matter of THE OPENING OF ESSEX AVENUE; HUGHES *et al.*, Respondents, v. A. S. MERMOD, Appellant.

St. Louis Court of Appeals, March 24, 1891.

1.  **Appeal : JURISDICTION.** An action for the condemnation of land for public uses involves title to land, so that an appeal therein lies to the supreme court.

2. —— : ——. When a constitutional question is properly raised upon the record of a cause, the supreme court has jurisdiction of an appeal in the cause ; and where the appeal is allowed to this court, the cause should be transferred to the supreme court, without inquiry whether there is any merit whatever to the question raised, or whether it is a mere sham.

*Appeal from the St. Louis County Circuit Court.*
HON. W. W. EDWARDS, Judge.

TRANSFERRED TO THE SUPREME COURT.

*Geo. W. Royce,* for appellant.

*John R. Warfield,* for respondents.

ROMBAUER, P. J.—The defendant in the circuit court asked that his appeal be sent to the supreme court, claiming that the cause involved title to real estate, and the construction of the constitution of this state. The circuit court denied such appeal, but granted the defendant an appeal to this court. The defendant now moves for the transfer of the cause to the supreme court, claiming, for the reasons above stated, that that court has jurisdiction of the appeal.

The proceeding is one to open a public road, and is the same which we had under consideration in *State ex rel. v. Heege,* 39 Mo. App. 49. Upon the subsequent trial of the cause in the county court, the defendant demanded a trial by jury of twelve men ( to which he claimed he was entitled under the constitution ), to determine the question of jurisdiction. That claim was denied by the court. In the circuit court, where the cause was tried *de novo,* the defendant waived a jury, but upon the hearing he presented two instructions, challenging the constitutional validity of the proceedings in the county court. These instructions were refused.

Under our recent ruling in *St. Louis, K. C. & C. Ry. Co. v. Lewright, ante,* p. 212 ; and *Musick v.*

*Railroad*, 43 Mo. App. 326, the case involves title to real estate, as part of defendant's land is sought to be condemned for public use. A constitutional question is also properly raised upon the record, and, under the decision of the supreme court in *State ex rel. v. St. Louis Court of Appeals*, 97 Mo. 276, it is not for us to inquire whether it has any merit whatever, or whether it is a mere sham. It is, therefore, our duty to transfer the cause to the supreme court, in order that it may determine the question of its own jurisdiction.

Ordered that the cause be transferred to the supreme court. All the judges concur.