THE JOPLIN & WESTERN RAILWAY COMPANY, Relator, v. M. G. McGREGOR, Judge, Respondent.

Kansas City Court of Appeals, April 3, 1893.

Jurisdiction: CONDEMNATION PROCEEDINGS: MANDAMUS BY COURTS OF APPEALS.   Proceedings to condemn right of way for railroad involve title to real estate, and the supreme court has not only exclusive jurisdiction thereof, but also exclusive superintending control over the action of the trial courts in respect thereto; and a court of appeals cannot interfere therein by *mandamus*.

    *Original Proceeding by Mandamus.*

WRIT DENIED.

*W. H. Phelps* and *E. O. Brown*, for appellant.

*I. P. Dana*, for respondent.

SMITH, P. J.—This is a proceeding by *mandamus* commenced in this court. The facts which the record before us tends to disclose, and which we think are necessary to be stated for a full understanding of the decisive question presented, are briefly these:

The relator is a railway corporation organized under the laws of this state, and the respondent is judge of the circuit court of Jasper county. It further appears that the relator acquired by grant from the Empire Zinc Company a business corporation, a right of way for its railroad, twenty-five feet wide, and proceeded to construct a track thereon; that subsequently the Kansas City, Fort Scott & Memphis Railroad Company, likewise a railroad corporation organized under the laws of this state, acquired from said zinc company by grant a narrow strip for a right of way for its railroad, on one side of, and for a short distance adjoining, the strip twenty-five feet wide aforesaid, and lying between said last-mentioned strip and the works of said Empire Zinc Company, and proceeded to construct a railroad thereon, being a sidetrack to and by the reduction works of said Empire Zinc Company and its lead and zinc mines for use. of said company and the public generally; that thereafter, and while said Kansas City, Fort Scott & Memphis Railroad Company was actually in possession of said narrow strip and actually engaged in constructing its railroad thereon, under a parol contract with said Empire Zinc Company to grant it a right of way which was afterwards reduced to writing and deed therefor executed, the relator filed its petition as aforesaid seeking to appropriate for its railroad additional land, including a portion of the land already at that time acquired and occupied as aforesaid by the Kansas City, Fort Scott & Memphis Railroad Company, without making said last-

named railroad company a party to said condemnation proceeding, and at about the same time applied to said judge for an injunction to restrain said last-named company from proceeding with the construction of its road on a portion of the land then occupied by it and acquired from the zinc company; that by agreement of parties both the condemnation and injunction proceedings were heard and determined together at a term of said court when the court refused to appoint commissioners to assess damages and dissolved the injunction and dismissed the bill therefor.

From this brief outline of the facts of the case it is made plain that the proceeding was one involving title to real estate. It has been several times decided both by the St. Louis Court of Appeals and by us that a proceeding by a railroad company to condemn land for its right of way is a suit involving title to real estate within the meaning of section 12, article 6, of the Constitution of this state. *Railroad v. Lewright,* 44 Mo. App. 212; *Musick v. Railroad,* 43 Mo. App. 326; *Hughes v. Mermod,* 44 Mo. App. 288.

In the class of cases to which this belongs the supreme court has not only exclusive jurisdiction, but, by the terms of section 5 of the amendment to the Constitution, adopted in 1884, that court is required to exclusively exercise superintending control over the action of the trial courts in respect to such cases. *State ex rel. Huston v. Ganzhorn,* 52 Mo. App. 220; *State ex rel. Auditorium v. Allen,* 45 Mo. App. 551; *State ex rel. Blackmore v. Rombauer,* 101 Mo. 499.

It is, therefore, manifest that we are without jurisdiction to control the action of the respondent in relation to the appointment of commissioners to assess damages in the said condemnation case. The peremptory writ must be refused. All concur.