CHICAGO, SANTA FE & CALIFORNIA RAILWAY COMPANY, Appellant, v. REUBEN EUBANK, Respondent.

Kansas City Court of Appeals, December 4, 1893.

Appellate Jurisdiction: CONDEMNATION PROCEEDING: TITLE TO LAND. A proceeding to condemn land for a railroad right of way involves title to real estate, and the supreme court has exclusive appellate jurisdiction and is required to exercise exclusive superintending control over the trial court in such causes.

*Appeal from the Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

TRANSFERRED TO SUPREME COURT.

*Gardiner Lathrop, I. H. Kinley* and *S. W. Moore* for appellant.

The exact question here presented was decided adversely to the respondent by the supreme court of

Missouri in *Railroad v. Fowler*, 20 S. W. Rep. 1069. It was there held that the land owner is not entitled to interest on the award, since he has the right to withdraw it at any time. For this reason we ask that the judgment of the circuit court be reversed and the cause remanded, with directions to enter judgment for $1,600.

*Syd. B. Burks, Thos. Shackelford* and *Crawley & Son* for respondent.

Appellant having failed to file such an abstract of the record as is required by rule 15 of this court, respondent submits that the appeal should be dismissed. *School Dist. v. Clark*, decided at October term, 1892, of this court (not reported). *Travis v. Ins. Co.*, 47 Mo. App. 482; *Merrill v. Trust Co.*, 46 Mo. App. 237; *Calvert v. Bates*, 44 Mo. App. 626; *Grundy v. Rogers*, 42 Mo. App. 465; *Christopher v. White*, 42 Mo. App. 428; *Scott v. Howard*, 41 Mo. App. 488; *Bank v. Davidson*, 40 Mo. App. 421; *Shaw v. Bryan*, 39 Mo. App. 523; *Nichols v. Nichols*, 39 Mo. App. 291; *City of Kansas v. O'Connor*, 36 Mo. App. 594; *In re Redding Brothers*, 31 Mo. App. 425; *Guinn v. Boas*, 31 Mo. App. 131; *Goodson v. Railroad*, 23 Mo. App. 76; *Coy v. Robinson*, 20 Mo. App. 462; *Hausmann v. Hope*, 20 Mo. App. 193.

SMITH, P. J.—This was a condemnation proceeding instituted by the plaintiff in 1887 to acquire a right of way for its railroad. The court appointed commissioners, who assessed the damages at $1,600. The plaintiff filed exceptions to the report and demanded a jury trial. This was denied and an appeal was taken to the supreme court, where the right to a jury trial was sustained and the cause remanded. In October, 1892, a jury was impaneled, and after a portion of the

evidence was heard, the plaintiff withdrew its exceptions. The defendant asked that interest be allowed upon the award from the date of the appropriation to the date of the trial, and this request was granted by the court, against plaintiff's objection, and the interest made a part of the judgment. After an unsuccessful motion for a new trial this appeal was taken.

It has been ruled in a number of instances, both by the St. Louis court of appeals and by us, that a proceeding by a railroad company to condemn land for its right of way is a suit involving title to real estate within the meaning of section 12, article 6, of the constitution of this state. *Railroad v. Leeright*, 44 Mo. App. 212; *Musick v. Railroad*, 43 Mo. App. 326; *Hughes v. Mermod*, 44 Mo. App. 288; *Railway v. McGregor*, 53 Mo. App. 366. In this class of cases the supreme court has not only exclusive jurisdiction, but by the terms of section five of the amendment to the constitution adopted in 1884, that court is required to exercise exclusive superintending control over the action of trial courts in respect to such cases. *Railroad v. McGregor, supra; State ex rel. Huston v. Ganzhorn*, 52 Mo. App. 220; *State ex rel. Auditorum v. Allen*, 45 Mo. App. 551; *State ex rel. Blakemore v. Rombauer*, 101 Mo. 499. It is therefore manifest that this case is of the class which is excluded by the terms of the constitution from our appellate jurisdiction. We have no jurisdiction to review the action of the trial court on appeal or writ of error in a case of this kind.

We will, therefore, order the record to be transferred to the supreme court, where there is jurisdiction to entertain the appeal.