SCHOOL DISTRICT NO. 6, TOWNSHIP 63, RANGE 29, HARRISON COUNTY, Relator, v. CHARLES BURRIS, SCHOOL COMMISSIONER, ETC., et al., Respondents.

Kansas City Court of Appeals, June 4, 1900.

1. **Jurisdiction:** COURT OF APPEALS: PROHIBITION: COURTS OF RECORD: SCHOOLS. The courts of appeals have jurisdiction to issue writs of prohibition to all inferior courts whether of record or not, and may therefore send its writ to the board of arbitration provided for by section 9742, Revised Statutes 1899.

2. ——: SCHOOLS: POLITICAL SUBDIVISION. A school is not a political subdivision of the State in the jurisdictional sense of that term.

3. ——: PROHIBITION: POWER OF INFERIOR COURT. The facts that the inferior tribunal has the power to determine its jurisdiction upon the facts in the case and that though its finding be erroneous it is not usurpation, will not prevent a writ of prohibition especially where there is no appeal, since the writ lies where the lower tribunal has jurisdiction of the subject-matter but is exceeding its legitimate powers.

4. **Schools:** FORMING NEW DISTRICT: ARBITRATION BOARD: VOTING IN ALL THE DISTRICTS. The board of arbitration provided for by section 9742, Revised Statutes 1899, has no jurisdiction to hear an appeal as to formation of a new district unless the question of the proposed change in the district has first been voted on at the annual meetings of all the districts involved and some have been in favor of the change and others against it.

5. **Prohibition:** MINISTERIAL ACT: FORMATION OF NEW SCHOOL DISTRICT: ARBITRATION BOARD. Prohibition will not lie to restrain a purely ministerial act; but the action of the board of arbitration in determining the formation of a new school district is judicial and may be restrained by prohibition.

*Original Proceeding in Prohibition.*

WRIT ALLOWED.

*J. C. Wilson* and *Sallee & Crossan* for plaintiff.

(1)    Under the statute, before there was anything for said district 5 to appeal from, or to give the county school commissioner jurisdiction of an appeal, and that would authorize him to appoint a board of arbitration to pass on an appeal, there must not only have been a proper and legal notice posted in district 6, but also the qualified voters of said district 6, must have, when assembled at their annual meeting, "decided such question by a majority vote of those who vote upon such proposition;" * * * "but if all the districts, or part of the districts affected do not vote in favor of such change," then the matter may be referred to the county commissioner.    2 R. S. 1899, sec. 9742, p. 2257.    Defendants can not evade or avoid the requirements of this statute by pleading that "A majority of the qualified voters of district 6, when assembled, failed to vote in favor of said proposition," and admit in their agreed statement of facts, that there was no vote, at all, taken or submitted upon said proposition in said district 6.    This sort of evasive, inconsistent position does not meet the requirements of the law, and where the pleading is untrue, as admitted here, then of course there was nothing to refer to the commissioner or to warrant him in assuming jurisdiction of the pretended appeal of said district 5.    State ex rel. Frisby v. Stone, 53 S. W. Rep. 1069; 2 R. S. 1899, sec. 9742, p. 2257; State ex rel. v. Young, 84 Mo. 90;    District 1 v. District 4, 94 Mo. 612; School District v. Gooding, 120 Mo. 67.    (2)    Where a court of limited jurisdiction, whose decision is final, from which there is no appeal, such as the defendants in this case, from whose arbitrary assumed jurisdiction plain-

tiff has no other relief or adequate remedy, have set a day, are threatening to disfranchise the voters of plaintiff, to confiscate its property and territory, to destroy its corporate entity, prohibition is the proper remedy to stay its unlawful action, when they assume to proceed without jurisdiction. State ex rel. v. Young, 84 Mo. 95; State v. Aloe, 54 S. W. Rep. 498; State v. Wood, 56 S. W. Rep. 474; State v. Withrow, 141 Mo. 69; State v. Klein, 116 Mo. 259; State v. Scarritt, 128 Mo. 331; State v. Elkin, 130 Mo. 90; 19 Am. and Eng. Ency. of Law [1 Ed.], pp. 275, 276, 277 and 278.

*A. S. Cumming* and *Wanamaker & Barlow* for defendants.

(1)   This court has no jurisdiction to issue the writ of prohibition in this cause, because the tribunal to which this writ is directed is not a court of record.   Const. art. 6, sec. 12, clause 2; Const. art. 6, sec. 23.   Because this court has no appellate or original jurisdiction of a cause wherein a county or other political subdivision of the state is a party.   Const. art. 6, sec. 12; Const. amendment 1884, sec. 5; State ex rel. v. Rombauer, 101 Mo. 499.   And plaintiff district is a political subdivision of the state.   Beach on Public Corporations, secs. 3, 4 and 6; State ex rel. v. Leffingwell, 54 Mo. 472, 476, denominates a public school district a political subdivision of the state.   Because this court having no original jurisdiction where it has no appellate jurisdiction, and no appeal lying from defendants, as a tribunal to this court, then there is no original jurisdiction in this court to issue a writ of prohibition to defendant tribunal.   R. S. 1899, sec. 9742.   Decision of board is final.   (2)   Prohibition will not lie when the inferior tribunal has jurisdiction of the subject-matter of the cause pending before it.   "It goes only to restrain the assumed exercise of jurisdiction where none exists, and not to its erroneous or irregular exercise."   State ex rel. v. An-

thony, 65 Mo. App. 543, 554; State ex rel. v. Klein, 116 Mo. 259 loc. cit. 268; State ex rel. v. Scarritt, 128 Mo. 331 loc. cit. 338, 340; State ex rel. v. Withrow, 108 Mo. 1 loc. cit. 7, 8; State ex rel. v. Burkhartt, 87 Mo. 533 loc. cit. 537; State ex rel. v. Moehlenkamp, 133 Mo. 134 loc. cit. 139; 19 Am. and Eng. Ency. of Law, 264, 265; State ex rel. v. Scarritt, 128 Mo. 331 loc. cit. 339, 340, and cases there cited; High on Ex. Rem., sec. 767. "It is never allowed to usurp the functions of a writ of error, or *certiorari,* and can never be employed as a process for the correction of errors of inferior tribunals." High on Ex. Rem., sec. 772. Both sec. 767 and 772, above cited approvingly in State ex rel. v. Burkhartt, 87 Mo. 537; State ex rel. v. Anthony, 65 Mo. App. 554; State ex rel. v. Withrow, 108 Mo. 1 loc. cit. 7; State ex rel. v. Moehlenkamp, 133 Mo. 139; Ex parte Easton, 95 U. S. 78, Bk. 24, p. 373.

SMITH, P. J.—This is an original proceeding for a writ of prohibition. The facts of the case, as disclosed by the record, are about these:

Fifteen days before the third day of April, 1900, the day fixed by law for annual meetings in the various school districts in the state, a petition was presented to the clerk of the relator district, which recited that it was deemed necessary that a new school district be formed of part of school district number five (5), township sixty-three (63), range twenty-nine (29), of Harrison county, and part of school district number six (6), township sixty-three (63), range twenty-nine (29) of Harrison county, in the following manner, to-wit:   By taking from said district number five (5), sections twenty-seven (27) and thirty-four (34), township sixty-three (63), range twenty-nine (29), and taking from said district number six (6), sections twenty-eight (28) and thirty-three (33), township sixty-three (63), range twenty-nine (29), and forming said four sections into a new

school district to be known as school district number eight (8), township sixty-three ((63), range .twenty-nine (29), of Harrison county.

"Therefore, we the undersigned qualified voters residing in district number five (5), desiring such change, hereby petition that the proposition for such change be submitted to the annual school meetings to be held in the districts affected on the third day of April, 1900, and that you give notice thereof as required by law by posting notices of such desired change in at least five public places in said district number six (6) fifteen days prior to the date of the annual meeting aforesaid."

This petition was signed by thirteen qualified voters residing in said district number 5. It is conceded in the statement of agreed facts that the clerk of the relator district did not post up notices in said district, prior to the day of the annual meeting, of the proposed territorial change of the district; or that the proposition to make a territorial change in district number 5 would be submitted to the qualified voters of that district at said ensuing annual school meeting. It is further conceded that the directors of the relator district did not post up any such notices of the submission of any such proposition to the qualified voters of said district at the said annual school meeting therein. It is further conceded that no vote was taken on said proposition at said annual meeting in said relator district.

It appears that at said annual meeting in district 5, the said proposition was voted on and adopted by the qualified voters therein. It further appears that within five days after said annual meetings the said district number 5 filed with the respondent, the county school commissioner, a paper entitled an "appeal," in which it is recited that a written petition of more than ten qualified voters residing in district 5, had been duly presented to the clerks of district 5 and of the

relator district, expressing a desire for the formation of a new school district from parts of said districts by taking two designated sections from each, the four thus taken to form a new district to be known as district number 8. It was further stated in said appeal paper that:

"Whereas, after the receipt of said petition the district clerks of each of said districts gave due notice as required by law by posting notices thereof in at least five (5) public places in each district at least fifteen (15) days prior to the date of the annual school meeting held in said district, on the third day of April, 1900, that a proposition to form a new school district as aforesaid, would be submitted to the qualified voters at said annual meeting assembled, and

"Whereas, at the annual meeting duly held in said district, number five (5), on said third day of April, 1900, a majority of the qualified voters at said annual meeting assembled, by a vote of twenty-four (24) to one (1) voted in favor of said proposition, and

"Whereas, at the annual school meeting held in said district number six (6) on said third day of April, 1900, a majority of the qualified voters there assembled failed to vote in favor of said proposition, and

"Whereas, there are more than twenty children of school age residing within the territory proposed to be formed into a new school district, as aforesaid, and in the territory remaining in said district number five (5), and said district number six (6), after detaching the territory proposed to be taken to form the new school district, as aforesaid, respectively.

"Now, therefore, deeming the formation of the new district as aforesaid necessary, said school district number 5, acting by order of its board of directors hereby brings this appeal, and refers the matter to the honorable county school commissioner, as aforesaid, and prays the said commissioner

to appoint four disinterested men, resident taxpayers of said Harrison county, who, together with himself, shall constitute a board of arbitration, and prays that said board of arbitration when convened and organized, according to law, will order and decree the formation of a new school district, in the manner and form as set forth in this appeal and in the petition and notices as aforesaid, and for this your petitioner will ever pray.

"District Number Five (5), Township sixty-three (63), Range Twenty-nine (29), Harrison county, Missouri.

"By A. S. Cumming and
Wanamaker & Barlow,
Its Attorneys."

It further appears that on the day of the filing of said appeal paper that the said district number 5 deposited with the said county school commissioner fifteen dollars, the fee required by statute in such cases, and that thereupon that officer appointed the other four respondents as arbitrators to constitute, with himself, a board of arbitration to hear said appeal and to consider and determine the necessity for the proposed change in said districts. It further appears that the said school commissioner duly notified said four respondents of their appointment and requested them to meet him at a designated place on the fourteenth day of April, 1900, which was fifteen days after the said annual meetings had been held. It further appears that the said board of arbitration met and organized for the purpose of considering said appeal and before any further steps were taken by said board of arbitration the provisional writ in this case was served upon them.

I. The respondents insist that in their quality as a statutory board they are not a court of record and that therefore we are without jurisdiction to award the writ against them.

The constitution confers upon this court "the power to issue writs of *habeas corpus, quo warranto, mandamus, certiorari* and other remedial writs, and to hear and determine the same and to exercise a superintending control over all inferior courts of record in the appellate district. Const., art. 6, sec. 12; Amendment of 1884, sec. 4. It thus plainly appears that this court may issue the writ in question, as well as other original remedial writs. The writ of prohibition is an original remedial writ which this court may hear and determine. Such writ will reach all inferior courts whether courts of record or not. The constitutional provision already quoted was fully considered in State ex rel. v. Allen, 45 Mo. App. 551, and in view of the conclusion there reached as to the power conferred by that provision we do not think that in issuing the present writ we exceeded our jurisdiction. Nor do we think that the power conferred by said constitutional provision is in any way limited or restrained by the provisions of section 23 of said article 6. Our original jurisdiction is not greater than our appellate. We have no original or appellate jurisdiction in any of the cases specified in said section 12, nor have we any superintending control over any tribunal in which such cases originate in respect thereto. The Supreme Court is not only given the exclusive jurisdiction of appeals and writs of error in the ten classes of cases specified in said section 12, but that court is required, in all such cases, to exercise exclusive superintending control over the trial courts in respect thereto. State v. Rombauer, 101 Mo. 499; State v. Rombauer, 105 Mo. 103; State v. Ganzhorn, 52 Mo. App. 221; Railway v. McGregor, 53 Mo. App. 366; State v. Allen, *supra*.

There is no provision of law allowing an appeal or writ of error from the decision of the board of arbitrators in a case like the present. But if a writ of error or an appeal could be prosecuted from the decision of the arbitrators, the

case would come to this court. It does not fall within any
of the several classes of cases over which the jurisdiction of
the supreme court is made exclusive unless the further con-
tention can be sustained that the relator school district is a
political subdivision of the county in which it is situate. It
has been several times decided by the Supreme Court that
a city of any of the classes named in the statute is not a
political subdivision of the state. Kansas City v. Neal, 122
Mo. 233; Parker v. Zeisler, 139 Mo. 298; Water Co. v.
Webb City, 143 Mo. 493. It is true that in Morrison v.
Morey, 146 Mo. 543, it was held that a levee district or-
ganized under chapter 101, Revised Statutes 1889, was a
political subdivision of the state. And it is also true that
prior to the adoption of the present constitution it was in
effect declared that a school district is a political subdivision
of the state.

But if a municipal corporation is not a political subdi-
vision of the state in a jurisdictional sense, it must follow
that a levee district or a school district, each of which are
but *quasi* public corporations, possessing only a portion of
the powers of municipal corporations, are not political sub-
divisions of the state in such jurisdictional sense. The
courts of appeal have uniformly exercised a superintending
control over the inferior courts of record in respect to cases
therein originating when one of the parties thereto was a
school district; and this jurisdiction, so far as we are advised,
has never before been questioned. We must hold that a
school district in a jurisdictional sense is not a political sub-
division of the state.

The respondents in further disputing our jurisdiction
invoke the application of the well-recognized rule which is
to the effect that: "To determine, in the first instance, its
own jurisdiction, as far as the same rests on contested facts,
is a legitimate exercise of the judicial powers of any tribunal

and though it may err in such determination, its so doing is not a usurpation of judicial authority, but error for which the proper remedy of the party aggrieved is by appeal." But as has been already stated, an appeal or writ of error will not lie from the decision of the board of arbitrators. In State v. St. Louis Court of Appeals, 99 Mo. loc. cit. 221, it is said that: "It can not be said that the writ will be issued only in those cases where the lower court has no jurisdiction whatever over the case before it. * * * The province of the writ is not necessarily confined to cases where the subordinate court is absolutely devoid of jurisdiction, but is also extended to cases where such tribunal, although rightfully entertaining jurisdiction of the subject-matter in controversy has exceeded its legitimate powers. High on Ex. Leg. Rem. [2 Ed.], sec. 781. Especially is this true where there is no remedy by appeal." The remedy by prohibition lies when the matter or cause in which the court is acting does not fall within the classes of which the law gives it jurisdiction, or when it acts in excess of its jurisdiction. Thomas v. Mead, 36 Mo. 232; Howard v. Pierce, 38 Mo. 296; State v. Withrow, 141 Mo. 69; State ex rel. v. Aloe, 152 Mo. 466. The writ of prohibition is applicable wherever judicial functions are assumed which do not rightfully belong to the person or court assuming to exercise those functions. It is the nature of the act which determines the propriety of the writ. The writ is as available to keep a court within the limits of its power in a particular proceeding as it is to prevent the exercise of jurisdiction over a cause not given by law to its consideration. State v. Elkin, 130 Mo. 90. It follows from the foregoing considerations that the several objections urged by respondents to our jurisdiction must be ruled against them.

Whether the said board of arbitration in entertaining said appeal and in proceeding to consider and decide "the

necessity for such proposed change" in said school districts exceeded the limits of its power is a question which must be determined by reference to the statute. Section 9742, Revised Statutes 1899, provides, when it is deemed necessary to form a new district, to be composed   *   *   *   of parts of two districts, it shall be the duty of the district clerk of each district affected upon the reception of a petition desiring such change signed by ten qualified voters residing in any district affected thereby, to post a notice of such desired change in at least five public places in each district interested, fifteen days prior to the time of the annual meeting; and the voters when assembled shall decide such question by a majority vote of those who vote upon such proposition. If the assent to such change be given by all the annual meetings of the various districts thus voting, or of the part of the district to be divided, each part voting separately, the district shall be deemed formed; but if all the districts or parts of the districts affected do not vote in favor of such change the matter may be referred to the county commissioner; and upon such appeal being filed with him, he shall appoint four disinterested men who, with himself, are to compose a board of arbitrators, whose duty it shall be to consider and decide the necessity for such proposed change. It is thus seen that by the very plainest terms of the statute there can be no reference to the county school commissioner in any case unless the question of the proposed change in the districts or parts of districts shall be first voted on by the qualified voters at the annual meetings held therein, and unless at such meetings all of the districts or parts thereof affected do not vote in favor of such change. A vote at the annual meetings in all the districts or parts thereof to be affected must be had on the proposed change. If a vote be taken in one and not in the other there can be no reference, but if a vote be taken in both and the majority in the one favors

and in the other disfavors the proposed change, then there arises a case for reference. State ex rel. v. Buford, 82 Mo. App. 293.

The authority conferred by the foregoing section of the statute is limited to be exercised by the voters of the district at the annual meetings and upon petition and notice as therein specified. State v. Hall (not yet reported). These things are required by the statute and are in the nature of a condition precedent to the appeal. In the present case it is conceded there was no vote in one of the districts to be affected.

We are not called upon to determine whether if the notice required by the statute be posted up in one of the districts by the qualified voters of the other would be legal. If both districts had voted on the proposed change at the annual meeting that question would have arisen, but as there was a vote taken in only one of them it is not before us. There was nothing on which an appeal to the commissioner could be based. The appeal would have been just as much authorized had no vote whatever been taken on such proposed change at the annual meetings in either of said districts. The qualified voters in each district or part of district to be affected must first be afforded an opportunity to approve or disapprove the change by their vote at the annual meetings, and until their disapproval is so expressed in one or the other of such districts there can be no appeal nor authority in the commissioner or a board of arbitration to consider or decide the necessity for such proposed change. The proposed change is one whose decision is primarily left by the statute to the qualified voters of the districts to be affected, and until such voters have been afforded an opportunity to determine the question of such change in the manner and at the time required by the statute, and have not cast a majority vote in all the districts in favor of the change. it is idle to claim that an appeal can invest the commissioner

or a board of arbitration with any power to order any proposed change in the districts.

Prohibition will not lie to restrain a purely ministerial act. State v. County Court, 41 Mo. 44; Casby v. Thompson, 42 Mo. 134. But it will lie to restrain a judicial act. All acts based upon a decision, judicial in its nature and affecting either a public or private right, are judicial acts. Wood on Mandamus, etc., 165; Sweet v. Hulburt, 51 Barb. 312. As it has been held that referees appointed under a statute to hear and determine a right of way sought by one person over the land of another so far partake of the character of a judicial body as to be amenable to the writ of prohibition. State v. Stockham, 14 S. C. 417. And so, too, it has been held that a board of county commissioners acting in a judicial capacity in determining the damages to be paid for land taken for railway purposes may be prohibited from proceeding with the enforcement of such damages under a law which is unconstitutional. Railway v. Co. Com., 127 Mass. 50; see, also, State v. McGrath, 91 Mo. 386. When the writ is issued to a body or officer it is only to restrain the exercise of judicial powers. Ins. Co. v. Kent, 13 Minn. 244. The section of the statute already referred to invests the board of arbitrators with judicial powers. It is authorized to give notice of the time and place when and where it will proceed to hear and decide the subject-matter of the appeal. Its decision is made final. Since it has no authority to proceed without notice and since its determination is final and conclusive, it follows that its proceeding was judicial in its character. Ins. Co. v. Kent, supra.

It is clear that the commissioner acted and proposed to further act in conjunction with the arbitrators appointed by him in excess of the judicial powers conferred upon them

by law, and therefore the provisional order heretofore issued will be made absolute. *Ellison, J.*, concurs; *Gill, J.*, absent.