SOUTHERN MISSOURI & ARKANSAS RAILROAD COMPANY and ST. LOUIS, MEMPHIS & SOUTHEASTERN RAILROAD COMPANY, Appellant, v. J. S. WYATT.

Division Two, November 23, 1909.

1. APPELLATE JURISDICTION: Condemnation.  The appeal from a judgment awarding $800 damages to a landowner in a suit brought by a railroad to condemn a right of way through his land, is to the Supreme Court.  Title to real estate is involved in such a case.

2. APPEAL: Extending Time to File Bill: Shown Only by Bill. Where only the bill of exceptions shows an extension of time

within which appellant might file his bill of exceptions, the appellate court cannot consider the bill. A bill of exceptions does not prove itself. It becomes a part of the record only when the record proper shows it was filed within the time granted by the court; and if there is no recital in the record proper showing it was so filed, it will not be considered on appeal.

3. ————: No Bill: What Matters Considered on Appeal. Where there is no bill of exceptions, the judgment cannot be affirmed on appeal, if the abstract shows errors in the record proper, jurisdictional in character or otherwise.

4. ————: ————: ————: Condemnation: Jurisdictional Matter: Setting Aside Commissioners' Report. Whether or not the trial court must first formally set aside the commissioners' report before a jury may be called to assess the damages to the landowner for land taken by the railroad company, in a condemnation suit, and whether the record proper must so show, is a jurisdictional matter, and such point may be considered on appeal whether there was a bill of exceptions or not.

5. CONDEMNATION: Setting Aside Commissioners' Report: How Shown. A record recital that "the report of the commissioners in the above entitled cause be in all things confirmed except as to J. S. Wyatt," who had filed written exceptions thereto, is a sufficient order setting aside the report of the commissioners as to J. S. Wyatt, and authorizing the court to call a jury to assess his damages.

6. ————: ————: No Formal Order Needed. When the landowner in a condemnation case brought by a railroad company files exceptions to the commissioners' report, and asks for a jury to assess his damages, he is entitled to such jury as a matter of course; and no formal order setting aside the commissioners' report is required.

7. ————: General Verdict. A general verdict in a condemnation suit, assessing $800 as damages to two tracts of land more than a mile apart through which the railroad company has taken a strip one hundred feet wide for its right of way, may or may not be erroneous. If the two tracts were a part of one contiguous farm and used in connection with it as a part thereof, a general verdict is proper, for then the damage is to the whole farm; if the two tracts are segregated and not used together, there should be separate assessments to each tract.

8. ————: ————: No Evidence: Assumed as Matter of Law. There being no bill of exceptions the court can consider, it will not, on plaintiff's appeal in a condemnation case, be assumed, as a fact, without any evidence that can be considered, that, as the petition says its railroad runs through two tracts of defendant's lands, those tracts are entirely segregated.

9. ———: ———: **Motion in Arrest: Office.** The office of a motion in arrest is to direct the attention of the court to errors apparent on the face of the record proper; and where there is no motion in arrest that can be considered on appeal, because the purported motion was set out in a bill of exceptions which cannot be considered because not filed in time, and the record proper does not show any objection to the form of the verdict, the appellate court will not hold that a general verdict, in a condemnation case, assessing defendant's damages for plaintiff's right of way through two tracts of land separately described, at a lump sum, was erroneous.

10. **APPEALS: What Errors Will be Considered.** The trial court must be given an opportunity, by specific assignments, to correct its own errors; and if not given that opportunity, they will not be considered on appeal.

Appeal from Ripley Circuit Court.—*Hon. J. L. Fort, Judge.*

AFFIRMED.

*E. H. Seneff, L. F. Parker, Jas. Orchard* and *W. F. Evans* for appellant.

(1)    The motion in arrest of judgment should have been sustained.  The verdict of the commissioners was never reviewed by the court; never set aside or affirmed.  Under R. S. 1889, Sec. 1268, it is necessary for the court to review the report of the commissioners and to set the same aside on a proper showing.  The finding of the commissioners appointed to appraise land to be condemned for railroad purposes, is not conclusive upon the circuit court, but, on written exceptions filed by either party, the court may examine the evidence and if the verdict of the commissioners was wrong may set it aside.  Bridge Co. v. Schabacker, 49 Mo. 555.  In the case at bar no such inquiry was made and no order of the court was made setting aside the verdict of the commissioners, so the finding of the commissioners is still in force.  Upon the exceptions filed to the report of commissioners appointed to condemn land for railroad purposes the court

should review, by evidence, the action of the commissioners and supervise their finding so as to do substantial justice. The court may approve or reject the report, but cannot alter it. Bridge Co. v. Ringe, 58 Mo. 491. But the court must either approve or reject. In this case it did neither. City of St. Louis v. Lannigan, 97 Mo. 175; Railroad v. Richardson, 46 Mo. 456; Railroad v. McGrew, 113 Mo. 390. (2) The verdict, being a general verdict, cannot stand. The two tracts are located about two miles apart and are not contiguous. Besides, the petition describes the two tracts separately and asks for separate finding on each tract. The commissioners, in making their report, made a separate finding on each tract. Hence, the verdict of the jury should have been a separate finding on each tract, as each tract constituted a separate cause of action. Hence, plaintiffs' motion for a new trial, also in arrest of judgment, should have been sustained. Silcox v. Martin, 64 Mo. App. 330; Brick v. Railroad, 83 Mo. 391; State v. Harman, 106 Mo. 657.

BURGESS, J.—Plaintiff, the Southern Missouri & Arkansas Railroad Company, instituted this suit in the circuit court of Ripley county to condemn a right of way for its railroad through the lands of a number of parties, among them the respondent, J. S. Wyatt. The latter owned two tracts of land through which said railroad company attempted to condemn a right of way, one of which, designated as parcel No. 7, is described in the petition as the south half of the northeast quarter of section 16, township 22, range 4, east; and the other, parcel No. 9, is described as the north half of the southeast quarter and lot 1 of the southwest quarter of section 19, township 22, range 4, east.

Upon the petition of the railroad company, commissioners were appointed by the circuit court to view and to assess the damages to the property through

which the proposed road was to run.  On the 16th day of October, 1901, the commissioners made their report, which was filed in the office of the clerk of said court, in which report they assessed the damages to tract No. 7 at $75, and assessed the damages to tract No. 9 at $49.

On October 31, 1901, Wyatt filed his exceptions to the report of the commissioners, and asked that said report be set aside and that a jury trial be awarded him, and that his damages be inquired into and assessed by a jury.

After the petition was filed, and before the cause was tried, the St. Louis, Memphis & Southeastern Railroad Company was, on its motion, made a party plaintiff, it having succeeded to all the rights of the plaintiff, the Southern Missouri & Arkansas Railroad Company.

Wyatt recovered a verdict and judgment for $800, from which judgment, after unsuccessful motions for a new trial and in arrest, plaintiff appealed.

The case for some reason found its way to the St. Louis Court of Appeals, and after argument and submission there, an opinion was handed down by BLAND, P. J., affirming the judgment on the ground that the printed abstract failed to show that the bill of exceptions had ever been made a part of the record. Thereafter a motion for a rehearing was filed, and the opinion was withdrawn, and the cause transferred to this court on the ground that the Court of Appeals had no jurisdiction of the appeal.

I.  The cause was properly transferred to this court.  It is a suit by a railroad company to condemn land for its right of way, and in such cases it has many times been held that appellate jurisdiction is in the Supreme Court.  Title to real estate is involved in such a case.  [City of Tarkio v. Clark, 186 Mo. l. c. 294; Kansas City v. Railroad, 187 Mo. l. c. 151; Bau-

bie v. Ossman, 142 Mo. 499; State ex rel. v. Rombauer, 124 Mo. 598; State ex rel. v. McCutchan, 119 Mo. App. 75; Railroad v. Eubank, 55 Mo. App. 335; Railroad v. McGregor, 53 Mo. App. 366.]

II. We cannot consider the bill of exceptions in this case, for the reason that the printed abstract does not show that the bill was ever made a part of the record. The abstract shows that an appeal to this court was ordered on April 11, 1902, and that appellant was "given ninety days in which to perfect and file a bill of exceptions herein." Immediately following this is another record entry which recites that on July 7, 1902, "for good cause shown, the time for filing bill of exceptions is hereby extended for a period of sixty days from the expiration of the first order." Then follows immediately the evidence of witnesses, and after about sixty pages of testimony immediately follow in order the instructions, the verdict, motion for new trial, motion in arrest, the affidavit for an appeal, the order allowing ninety days to file a bill of exceptions, and then a recital that on July 7, 1902, a further time of sixty days was allowed, then a recital that appellant "presents his bill of exceptions and prays the same may be signed, sealed and made a part of the record, which is accordingly done on this 16th day of August, 1902." Then follow the signature and approval of the judge, and the certificate of the clerk that the bill was filed on that day. It will be observed that it is only the bill of exceptions that recites that it was filed within the sixty days allowed. The record proper does not so recite. A bill of exceptions does not prove itself. It becomes a part of the record only when the record proper shows it was filed in time. The last record entry proper in this case shows that appellant was, on July 7th, given an extension of sixty days in which to file his bill. Matters of record proper have no place in the bill of exceptions,

and a recital thereof therein adds nothing to the validity of the bill. [Milling Co. v. St. Louis, 222 Mo. 306; Hogan v. Hinchey, 195 Mo. 1. c. 533; Harding v. Bedoll, 202 Mo. 625; Groves v. Terry, 219 Mo. 595; Shemwell v. McKinney, 214 Mo. 692; Stark v. Zehnder, 204 Mo. 442; Walser v. Wear, 128 Mo. 652; Pennowfsky v. Coerver, 205 Mo. 135; Coleman v. Roberts, 214 Mo. 634.]

But though there is no bill of exceptions, the judgment cannot be affirmed if the abstract shows errors in the record proper, jurisdictional in character or otherwise. [Thomasson v. Insurance Co., 114 Mo. App. 109.]

Appellant assigns error as to two matters of record proper.

III.  Appellant contends that "the verdict of the commissioners was never reviewed by the court, and was never set aside or affirmed."

Section 1268, Revised Statutes 1899, says that "the report of said commissioners may be reviewed by the court in which the proceedings are had, on written exceptions, filed by either party; . . . and the court shall make such order therein as right and justice may require, and may order a new appraisement, upon good cause shown.  Such new appraisement shall, at the request of either party, be made by a jury, under the supervision of the court, as in ordinary cases of inquiry of damages."

The record shows that respondent did file his exceptions to the commissioners' report, and asked therein that "said report as to him, may be set aside, and that a jury trial may be awarded him and his damages inquired into by a jury, and assessed to him by a jury."

Appellant contends that before any jury trial can be had in such case, the record must show affirmatively that the court set aside the commissioners' report,

and that until set aside it is still in force, and that the record does not show in this case that the report was set aside. This assignment goes to a jurisdictional record matter, for, if appellant's contention is correct, then until the report of the commissioners was set aside by a formal order, that report remained in full force and effect, and no jury could be called to assess defendant's damages. The point, going to the jurisdiction of the court to order a jury trial, can, therefore, be considered, whether or not there was a motion in arrest.

1. The appellant's abstract shows this record entry: "Now at this day it is ordered by the court that the report of the commissioners in the above entitled cause be in all things confirmed except as to defendants, J. S. Wyatt and C. E. McKinney." This was a sufficient order setting aside the report of the commissioners as to J. S. Wyatt, the respondent. It is a formal record order refusing to confirm that report as to him. So appellant is mistaken as to the fact, and its abstract shows the mistake.

2. But there was no need of any order formally setting aside the report. When respondent filed his exceptions to the commissioners' report and asked for a jury to assess his damages, he was entitled to a jury as a matter of right. In another branch of this same case, Railroad v. Woodard, 193 Mo. 1. c. 661, upon this appellant's appeal from the judgment awarding damages to C. E. McKinney, it was said by BRACE, C. J., for the Court in Banc: "On filing his exceptions the respondent had the constitutional right to have his damages assessed by a jury, and the court had no discretion in the matter. The calling a jury to assess his damages was such order 'as right and justice required.' [Art. 12, sec. 4, Const. 1875; Railroad v. McGrew, 113 Mo. 390; Railroad v. Story, 96 Mo. 611.]" That decision is conclusive of this assignment in this case.

IV.   The next assignment is that the verdict is general, and that "there should have been a verdict assessing the amount of damages to each tract."

The railroad passes through land in the south half of the northeast quarter of section 16, and in the north half of the southeast quarter and the southwest quarter of section 19, both in township 22.   It will be seen that the land in section 16 is something over a mile from the nearest land in section 19.   It will also be seen that land in two quarter sections of section 19 is described.   The petition states that appellant "needs and seeks to acquire, for public use and purposes aforesaid, the several tracts of land, . . . described as follows:

"Parcel Seven.—One hundred feet in width in a general northeasterly and southwesterly direction, ... through and upon the south half of the northeast quarter of section 16, township 22, which is owned or claimed by J. S. Wyatt. . . .

"Parcel Nine.—One hundred feet in width in a general northeasterly and southwesterly direction, . . . through and upon the north half of the southeast quarter of section 19, and lot one of the southwest quarter of section 19, township 22, which is owned or claimed by J. S. Wyatt."

The petition nowhere asks for an assessment of damages to each tract separately, nor do respondent's exceptions.

The jury returned this verdict, as shown by the record proper: "We the jury, find the issues for the defendant, J. S. Wyatt, and assess his damages at the sum of eight hundred dollars.   J. J. Bradshaw, foreman."

As a general rule, where there are several counts in a petition, each stating a different cause of action, there should be a separate finding on each.   [Cramer v. Barmon, 193 Mo. 327; Brownwell v. Railroad, 47 Mo. 239; Clark v. Railroad, 36 Mo. l. c. 212; Russell

v. Railroad, 154 Mo. 428.] But that is not the rule where the several counts relate to the same transaction. [State v. Pitts, 58 Mo. 556; State v. Jennings, 81 Mo. 185; State v. Bean, 21 Mo. 267; State v. McCue, 39 Mo. 112.] If the two tracts described in the petition are segregated and are separate and distinct tracts, then there should have been a separate finding of the damages done to each. But if they were parts of one farm, then a general verdict was not improper, though the two tracts described in the petition are, as described, over a mile apart. Suppose the land in section 16 and that in section 19 are parts of one contiguous farm owned by respondent, and are used by him in connection therewith; and suppose there is a perennial spring of great value in the northeast quarter of section 16, which, before this railroad was constructed, was used in connection with this farm extending southwesterly to section 19; and suppose that the railroad, as constructed, cuts off this perennial spring from all the rest of the farm: would that be a damage simply to the eighty-acre tract in section 16 through which the railroad runs, or would it be a damage to the whole farm of which that eighty is a part? In such a case a general verdict would not be amiss. If it be said that we have no right to make such a supposition, by what course of reasoning can appellant have us assume that these tracts are not a part of one farm and used in connection with it? Appellant would have us assume, as a fact, without any evidence we can consider, on appeal, that, as the petition says its railroad runs through two tracts of land belonging to defendant, those tracts are entirely segregated and are not used as a part of one farm, and that, therefore, a judgment founded on a general verdict cannot stand. We cannot so assume. We do not know whether or not these tracts are a part of one farm and used in connection with it, and cannot know that fact, and therefore we cannot assume that the verdict is wrong. We

must consider that the form of the verdict is objected to for the first time on appeal. So much of the record as we can consider does not show any objection was made to it at the trial. The record shows a motion in arrest was timely filed, but that motion is incorporated in what purports to be a bill of exceptions alone, and that bill we have already ruled we cannot consider, and hence we cannot look at the motion in arrest. As this record is presented for our consideration we are asked to convict the trial court of error on a point that court was given no opportunity to correct. It has been the uniform ruling of this court that the trial court must be given an opportunity, by specific assignment, to correct its own errors, and if not given that opportunity any assignment of alleged error will not be considered on appeal. [Singer Co. v. Stephens, 169 Mo. 1; Coffey v. City of Carthage, 200 Mo. l. c. 629; Woody v. Railroad, 104 Mo. App. 678; State v. Lynn, 169 Mo. 664.] In such case every presumption will be indulged in favor of the proceedings in the trial court.

In Wells v. Adams, 88 Mo. App. l. c. 228, it is said: "When a petition contains several causes of action stated in as many counts, and there is a verdict of the jury or a finding of the court sitting as a jury, for plaintiff, every consideration of propriety requires that there should be a verdict or finding on each cause of action or count. . . . A general judgment in such case will, on a proper motion for that purpose, be arrested. . . . But in the present case the record does not show that the defendants filed any motion in arrest of judgment, but it does show that they filed a motion for a new trial. An imperfect verdict or finding, or a neglect to find on all the issues, can be taken advantage of only by a motion in arrest." To the same effect are Grier v. Strother, 111 Mo. App. 386; and Railroad v. Iron Works Co., 117 Mo. App. 153.

The office of a motion in arrest is to direct the attention of the court to errors apparent on the face of

the record proper (State v. Goehler, 193 Mo. 1. c. 181); and no defect in the verdict can be considered on appeal unless there was a motion in arrest assigning such defect as error. [Finney v. State, 9 Mo. 225; Stout v. Calver, 6 Mo. 254; Davidson v. Peck, 4 Mo. 438; Griffin v. Samuel, 6 Mo. 50; State v. DeWitt, 186 Mo. l. c. 68.]

Without any knowledge of the facts except such as appear from the petition, verdict and judgment, we cannot say that the verdict in this case is erroneous on its face. If it were erroneous, under the facts as developed by the evidence, objection should have been made to it upon its return by the jury, and if that had been done the trial court had ample power to require the jury to make a finding of damages as to each tract, and if it had refused to have the verdict corrected, and objection and exception had been made to its ruling, and that ruling made a ground of the motion in arrest, we could consider the ruling on this appeal; but the trial court having been given no opportunity to correct the error, if any there was, we cannot convict it of error.

The judgment is affirmed. All concur.